for the recovery of debts to the value of 25 dollars, the jury may decide both the law and the fact. Again, where the party makes no objection to the pleadings at the time, but consents to go to trial upon them, we have repeatedly decided, that he shall not avail himself of any defects in the form of pleading, which may appear on the return to the *certiorari*. This court will look to the right and justice of the case, without regard to technical niceties, or matters of form. It is further objected that the evidence did not support the declaration ; but the declaration was not on the special agreement.

It was proved that the defendant had promised to pay the difference between the horses ; but the precise sum was not stated. The law implies, and the court will intend, that it was the real difference in value between the two horses, which was proved to be 35 dollars.

Judgment affirmed.

ALBANY,
August, 1808.

Ingersoll
*v.*
Wilson.

## Ingersoll, jun. *against* Wilson.

ON *certiorari*. The plaintiff below declared on a promissory note ; the defendant pleaded *infancy*, and issue was joined on that fact. The justice, from examination and inspection of the defendant, was of opinion that he was not an infant, and did not, therefore, assign him a guardian. The fact being submitted to the jury, they found that the defendant was not an infant, either at that time, or when he gave the note.

The plaintiff in error, on the return to the *certiorari*, specially assigned for error, the infancy of the defendant, and there was a general joinder in error.

*T. Wood*, for the plaintiff in error, contended, that the defendant, by the joinder in error, had admitted the fact of infancy.

*Kellogg*, contra.

*Per Curiam.* The special assignment of infancy as error was against the record below, and the fact, as found by

In an action before a justice, the defendant pleaded infancy, and the justice, from examination, was of opinion, that he was not an infant, and did not appoint a guardian, and the jury found that the defendant was not an infant. On the return to the *certiorari*, it was held, that the infancy of the defendant could not be assigned for error, it being against the record, and the fact, as found by the jury.

ALBANY,
August, 1808.

Bennet
v.
Hurd.

the jury, and was, therefore, bad. The judgment must be affirmed.

Judgment affirmed.

## Bennet and Bennet *against* Hurd.

In an action for a penalty under the 35th section of 'the act to regulate highways,' the plaintiff need not negative the *proviso*, in his declaration.

ON *certiorari*. The action below was brought on the 35th section of " the act to regulate highways," (vol 1. p. 602.) for obstructing the *Susquehannah* river. On the return to the *certiorari*, the principal objection was, that the plaintiff in his declaration had not negatived the right of the defendant under the *proviso*.

*Sherwood*, for the plaintiff in error, cited the case of *Blasdale* v. *Hewitt*, (3 *Caines*, 137.)

[KENT, Ch. J. That case is so stated, that it is impossible to say on what ground it was decided by the court.]

*H. Bleecker*, for the defendant in error.

*Per Curiam.* The *proviso* in the 35th section, on which the suit was brought, formed no part of the plaintiff's title, but merely furnished matter of excuse for the defendant. It provides that persons erecting mills on the rivers declared to be public highways, and cutting canals for the use of the mills, so as not to injure the navigation, shall not be liable to the penalties of the act. It was not necessary, therefore, for the plaintiff to negative this proviso in his declaration.

Judgment affirmed.