Sewall, J.
The replication in this case shows substántially a breach of the condition of the bond, sued in the name of the judge of probate for the benefit of William Blackstone; and therefore, if not traversed or excused, the plaintiff is entitled to judgment; the defendant’s plea of a full performance of the condition being falsified. The breach is not so formally averred as it might be; not *111 being *a direct assignment of a breach as applied to the words of the condition.
The words of the condition, t« which the breach assigned applies, are — “ that the goods, &c., of the deceased, at the time of his death, or which at any time after come to the hands and possession of the said administrators, &c., they do well and truly administer,” &c. The defendants plead a full performance, in all things, of the condition of the bond. To this the plaintiff replies, that one William Blackstone, for whose use the bond is sued, having recovered a judgment against the administrators, for a debt of the deceased, demanded payment of the same; yet they had never paid it, &c. This may be considered as an averment of an unfaithful administration in the particular specified.
The non-payment of a debt is not a breach of an administration bond, as taken in England by virtue of the statute of Car. 2; and the condition of an administration bond, as taken by the judge of probate with us, is in the same words. (3) But by the statute directing the forms of proceedings in suits on probate bonds, the neglect of an administrator to pay the debts of the deceased is recognized as one of the cases for which an administration bond may be put in suit for the benefit of a creditor, after his demand has been ascertained by a judgment of Court, and payment demanded of the administrator.
Whatever may be the construction in England, it must be considered as settled with us, and so is the practice, that the nonpayment of a debt, after it has been ascertained by a judgment of Court or by commissioners, is a breach of the condition of an administration bond, as an unfaithful administration. And upon the whole, we are of opinion that the person for whose benefit the bond is sued, in this case, has shown in the replication a sufficient title to this action, if the neglect of payment by the administrators is not excused.
The excuse offered on the part of the administrators is a representation of insolvency, previous to the suit by Blackstone, * and1 his judgment recovered thereon, and a report by the commissioners. But there is no averment that the estate of the deceased had been, in consequence, and upon an adjustment of an account, decreed to be insolvent. The judgment recovered by Blackstone was subsequent to the representation of insolvency, and to the report of the commissioners. This must have been rendered in a suit commenced in the lifetime of the *112 intestate, or soon after administration was granted, and before the representation of insolvency. And the certificate of the judgment returned to the probate office, and inserted with the list of claims, was in the due course of proceedings after a representation of insol vency; and had a decree of insolvency been finally obtained, the remedy for Blackstone would have been good only for his dividend. But in the progress of these protracted pleadings, it appears that the administrators, by neglecting to settle their account in the Court of Probate, and to pursue their administration to a decree of insolvency, have come within the predicament described in the statute of 1794, c. 5, respecting insolvent estates.
More than six months have elapsed since the report by the commissioners. Admitting a legal delay to have arisen by the suit and controversy upon the contested claim of one of the creditors, yet • several years had passed after that controversy was determined, before this action was commenced. This is a case, therefore, where a creditor may proceed, and is entitled to maintain any action commenced before the representation of insolvency, or afterwards, to the same effect as if no proceedings as upon an insolvent estate had been had.
This is not the case of a suit pursued with the purpose of having a remedy against the effects and persons of the administrators themselves, to which the argument of the defendants’ counsel applies. The creditor is,'by the additional statute just referred to, specially entitled to that remedy; but he is not restricted to it. The provision is not exclusive of any other legal remedy. And the recourse to * the administration bond remains open to the judgment creditor, notwithstanding the proceed-
ings under the commission of insolvency, as soon as these have been voluntarily suspended for more than six months after a report by the commissioners. The debts of the deceased are then ascertained ; and a voluntary neglect of an administrator to adjust his accounts, and his continued refusal to pay his debts, is an unfaithful administration, and a breach of the condition of his bond. (4) (a)

Surrebutter adjudged good.

 1 Salk. 315, 316. — Lutw. 882, Archbishop of Canterbury vs. Willis.

1 Mass. Rep 234, Foster vs. Abbott.

a) [ The People vs. Dunlap, 13 J. R. 437.- Ed.]