## DICKINSON *Judge vs.* BEAN *& al.*

Where the administrator of an insolvent estate, neglects to exhibit and settle an account of his administration in the Probate office for the term of six months after the report of the commissioners of insolvency has been returned and accepted, a creditor may maintain his action against the administrator in the same manner as if said estate had not been represented insolvent; by virtue of the provisions of *stat.* of 1821, *ch.* 51, *sec.* 28.

But this provision is not exclusive of any other remedy — the creditor may, if he prefer it, maintain an action on the administration bond in the name of the Judge of Probate for the official negligence of the administrator; — in which, judgment will be rendered for the penalty of the bond, — and execution will issue for the amount of debt and costs.

Such neglect of the administrator was further held, to dispense with the necessity of *a demand* upon him before suit.

THIS was an action of debt, commenced on a bond given by *Mary Bean* as administratrix of the estate of *Thomas Bean*, deceased, and the others as her sureties.

The facts in the case were agreed, and a verdict was returned for the plaintiff, subject to the opinion of the whole Court upon the case as reserved in the report of the Judge who sat in the trial. The facts and arguments of counsel are sufficiently stated in the opinion of the Court.

*A. G. Chandler*, for the defendant, cited the following authorities: 5 *Dane's Abr. ch.* 149, *sec.* 12; *Prescott Judge* v. *Parker*, 14 *Mass.* 128; *Robbins Judge* v. *Haywood*, 16 *Mass.* 526; *Paine Judge* v. *Gill and al.* 13 *Mass.* 369; *Newcomb* v. *Wing and al.* 3 *Pick.* 169; *Coffin* v. *Jones*, 5 *Pick.* 62; *Nelson* v. *Jaques*, 1 *Greenl.* 141.

*Downes,* for the plaintiff, cited *Cony Judge* v. *Williams and al.* 9 *Mass.* 117.

The opinion of the Court was delivered by

MELLEN C. J. — The present action was commenced pursuant to the directions of the act of *March* 16, 1830, *ch.* 470, *sec.* 1, on the administration bond given by *Mary Bean,* one of the defendants, as administratrix on the estate of *Thomas Bean,* for the recovery of a certain sum due to *Whipple,* the real plaintiff, for his services as a physician in attending on the deceased in his last sickness. His estate was represented insolvent in *June,* 1826, and the commissioners made their final report in *January,* 1828, which was then accepted, but no decree of distribution has ever been made. *Whipple's* claim was presented to, and allowed by the commissioners; but he has never made any demand of the sum allowed him, upon the administratrix. She never returned any inventory on oath as by law required, and has never settled any account of her administration or been cited so to do. On these facts the inquiry is whether the action can be maintained. The counsel for the defendant has contended that, inasmuch as it is specially alleged in the declaration that the action is prosecuted and was commenced for the benefit of *Whipple,* he cannot maintain it in consequence of any neglect and violation of official duty in not returning an inventory or settling her account of administration : — that for *such* neglects and violations the Judge of Probate, as the general trustee of all interested in the estate, may commence and prosecute actions without any specification of the person or persons interested, or any application whatever ; — that as the action is professedly brought for the sole use and benefit of himself, as a creditor of the deceased, in the prosecution of it, he must rely upon *his* interest and rights as such creditor, and cannot resort to facts, to sustain the action, which relate merely to general violations of duty, which it is more peculiarly the province of the Judge of Probate to guard against and for which to call an administrator to account: — and, proceeding on this ground, the counsel contends that this action cannot be maintained, according to the requisitions of the 72*d section* of *ch.* 51, of the revised statutes ; because *Whipple's* claim has never been ascertained by judgment of court, and, of course, no demand of it was ever made

on the administratrix ; and though the claim was ascertained and allowed by the commissioners, yet no order of distribution was ever made, nor demand on the administratrix ; hence, it is contended that there is a fatal defect of proof. Whether the foregoing reasoning and the conclusion to which the counsel has thus arrived, are wholly correct, we do not deem it necessary to decide on this occasion, because there is another fact in the cause, having no necessary connection with the conclusion above stated. We allude to the provision in the *28th section* of *ch.* 51, and the neglect of the administratrix to *exhibit* and *settle her account of administration* with the Judge of Probate *within six months* after the commissioners made their report to the Judge of Probate, as the above section expressly required, unless a further time had been allowed for the purpose. The case before us does not show that any such further time was ever allowed. If instead of the present action, *Whipple* had commenced an action in his own name against the administratrix, after the end of six months from the time the report of the commissioners was made, by one of the provisions of the before mentioned section, he might have maintained the action and obtained judgment thereon in the same manner as if the estate had not been represented insolvent. But there is another remedy different from those provided in the *72d* and *28th sections* of *ch.* 51, which we have been considering, and to this we will now direct our attention. On this point the case of *Cony Judge* v. *Williams and al.* 9 *Mass.* 114, and decided in the year 1812, is one of importance. In that case it was distinctly decided that where the administrator of an insolvent estate, unduly neglected to exhibit and settle his account of administration within six months next after the commissioners made their return, an action might be maintained upon the administration bond for the benefit of a creditor, besides the remedy against the proper estate of the administrator. The above action was founded on an administration bond; plea — general performance. The replication stated a judgment recovered against the administrators by *Blackstone,* for whose benefit the action was brought — that they had sufficient funds in their hands — and that they had been requested to pay it. In avoidance of the replication,

the defendants rejoined that the estate had been represented insolvent — that commissioners had been appointed — that the said *Blackstone's* judgment had been filed with the commissioners and recorded, but that no order of distribution had been made ; and they *deny* that any demand of payment of said judgment or his dividend had been made upon them. The plaintiff surrejoined that the administrators neglected for more than six months after the final return of the commissioners to exhibit and settle their account of administration ; no further time having been allowed to them for that purpose. Upon demurrer the court held the action maintainable. *Sewall J.* in delivering the opinion of the Court, and speaking of the statute of 1794, *ch.* 5, of which the 28*th section* of *ch.* 51, of our revised statutes is a copy, says, " This is a case, therefore, where a creditor may proceed, and is entitled to maintain any action, commenced before or after the representation of insolvency, to the same effect as if no proceedings, as upon an insolvent estate, had ever been had. The creditor by the additional statute above referred to, is specially *entitled* to *that* remedy, but he is not *restricted* to it. The provision is not *exclusive* of any other legal remedy." By the proceedings under the commission of insolvency the debts of the deceased were *ascertained* and the voluntary neglect of the administratrix for more than six months after the return of the commissioners, to settle and adjust her accounts, as the court observed in the above case " is an unfaithful administration and a breach of the condition of the bond." In the case just cited, there was no proof of any demand on the administrators before the commencement of the action : for though a demand was *alleged* in the replication, it was *denied* in the rejoinder. The official negligence of the administrators to comply with the provisions of the act of 1794, *ch.* 5, by settling their administration account within the six months prescribed, was considered as dispensing with the necessity of a demand. This construction of an act of *Massachusetts*, eight years before it was re-enacted in this State, in the same language, is not only entitled to our highest respect, but the re-enactment of it is justly considered as a legislative adoption of the construction. We have, in numerous instances, been govern-

ed, in our decisions, by this principle, and accordingly feel dis-
posed to be governed by it in the present instance. We are all
of opinion that there must be

> *Judgment for the penalty of the bond: — Execution to*
> *issue for the amount of the verdict.*