## IRA BARTON, Judge &c., *versus* ABEL WHITE.

If an administrator of an estate represented to be insolvent, neglects to render his account of administration for more than six months after the commissioners of insolvency have made their report, in consequence of which no decree of distribution amongst the creditors is made by the Probate Court, an action upon the probate bond of the administrator, by a creditor, whose claim has been allowed by the commissioners and who has ineffectually demanded payment thereof, brought for his own benefit and without authority from the judge of probate, cannot be maintained ; it ought to be brought in the name of the judge of probate, for the benefit of all parties interested.

THIS was an action of debt upon an administration bond, brought in the name of the judge of probate, but for the use of Ezekiel Brown, a creditor of the defendant's intestate.

The trial was before *Putnam* J.

It was admitted, that administration was granted to the defendant on May 23, 1833 ; that on the same day the defendant executed a bond for the faithful discharge of his trust as administrator, and gave notice of his appointment ; that an inventory of the estate was returned by the defendant, amounting to the sum of $1827·88 ; that on August 6, 1833, a commission of insolvency was issued, returnable in six months, and duly returned ; that the claims allowed by the commissioners amounted to the sum of $808·53, of which the sum of $534·24 was allowed to Brown ; that no objection was made to the allowance to Brown ; and that no account was settled by the defendant in the probate office before the present action was commenced.

It further appeared, that about the middle of August, 1837, Brown demanded of the defendant payment of the sum reported by the commissioners as due to him from the estate ; but that the defendant refused to pay any part thereof ; and that on September 6, 1837, a citation issued from the Court of Probate, upon the application of the defendant, to the creditors and heirs of the intestate, returnable on the third Tuesday of the ensuing October, when the defendant's account of administration was presented for allowance.

Upon these facts, the jury were directed to return a verdict for the plaintiff, for the sum allowed him in the report of the

commissioners ; and they returned a verdict accordingly. To this direction the defendant excepted.

If the Court should be of opinion, that the evidence and facts in the case were sufficient to support the verdict, judgment was to be rendered in favor of the plaintiff; otherwise, the plaintiff was to become nonsuit.

*Brooks*, for the defendant, to the point, that if upon these facts the Court might regard the estate of the intestate as solvent, it must be treated as a solvent estate, in which case the creditor's claim must be ascertained by a judgment of court, before he can resort to the probate bond for a remedy, cited *St*. 1786, *c*. 55, § 2 ; *Paine* v. *Gill*, 13 Mass. R. 365 ; *Newcomb* v. *Wing*, 3 Pick. 168 ; *Robbins* v. *Hayward*, 16 Mass. R. 524 ; and to the point, that where the estate has been represented to be insolvent, and the commissioners have reported a list of claims, and the administrator neglects for six months to settle his account of administration, any creditor may sue the administrator in the same manner as if the estate had not been so represented, *St*. 1794, *c*. 5 ; Revised Stat. *c*. 70, §§ 3, 4.

*Washburn*, for the plaintiff. It is objected, that the plaintiff's claim was not ascertained by a decree of distribution; but no such decree could be made, as the defendant never rendered an account ; and the action may therefore be maintained although there has been no decree of distribution. Revised Stat. *c*. 68, § 25 ; *Cony* v. *Williams*, 9 Mass. R. 114. Brown could not sue the defendant at common law after a commission of insolvency had issued. *Paine* v. *Nichols*, 15 Mass. R. 264.

There are two classes of cases where creditors can sue on the probate bond : 1. Where the debt is ascertained agreeably to *St*. 1786, *c*. 55, § 2, either by a judgment of court, if the estate is solvent, or by a decree of the judge of probate, if it is insolvent ; and in either a demand must be made before action brought. If the estate is represented insolvent, and a commission is issued, it is to all intents, so far as ascertaining the debt is concerned, an insolvent estate, and a creditor cannot sue at common law, even though the estate be not in fact nsolvent. *St*. 1784, *c*. 2 ; *St*. 1788, *c*. 66, § 3 ; *Paine* v. *Nichols*, 15 Mass. R. 264 ; *Wildridge* v. *Patterson*, 15 Mass.

Barton
v
White.

O.t. 2d.

Barton
v.
White.

R. 150 ; *Wilby* v. *Phinney*, 15 Mass. R. 122 ; *Johnson* v. *Ames*, 6 Pick. 333.

2. The other class of cases is, where from the fault of the administrator, an account is not settled within six months from the return of the commission so that the debt can be ascertained by decree. This applies to insolvent estates.

The remedy is that of the creditor personally, and not by the judge as trustee. *St.* 1794, § 5. The Revised Stat. *c.* 68, § 25, give a remedy by a suit on the bond of the administrator for all damages occasioned by his default. The very idea of damages, implies something of a personal nature, because the damages to each creditor must necessarily vary, and there is no mode of apportioning them by the judge of probate to the several creditors.

The opinion of the Court was afterwards drawn up by

SHAW C. J. The facts are not quite so definitely stated in this case, as would be desirable ; but we understand from the statement, that the estate was represented insolvent ; that the creditor, for whose use this action is brought, presented his claim to the commissioners, which was allowed, and which, together with other claims allowed, was reported to the judge of probate ; that the administrator neglected for more than six months after the report was made, to settle his account of administration ; that consequently no decree of distribution amongst the creditors was made by the Probate Court, and that the creditor, for whose use this action is brought, made a demand on the administrator of payment of the debt, as reported by the commissioners, which was refused ; that the creditor thereupon, without any order or authority from the judge of probate, commenced this action on the bond, for his own benefit, as such creditor.

The Court are all of opinion, that such an action cannot be maintained, and that this results from a due consideration of the provisions of the Revised Statutes. These provisions do not essentially alter the rules established by the former statutes, but render them in some respects more definite and precise.

In the Revised Statutes, there are but three cases, in which a party interested in the estate of a deceased person, can sue on the probate bond, for his own particular benefit, without an order or decree of the judge of probate

1. First, when the claim is by a creditor, who has obtained a judgment at law against the estate, and who has made an ineffectual demand on the executor or administrator for payment. Revised Stat. c. 70, § 3.

2. If the estate is insolvent when the amount due to a creditor has been ascertained by the decree of distribution, and a like ineffectual demand has been made. Revised Stat. c 70, § 4.

3. By a distributee, as next of kin, after his share has been ascertained by a decree of the Probate Court, and a like ineffectual demand. Revised Stat. c. 70, § 5.

These, it will be perceived, are cases, where the title of the claimant, and the liability of the executor or administrator as such, has been finally determined by the judicial decision of the proper tribunal, and no question remains open, but the sufficiency of the demand, the execution of the bond and liability of the sureties, or some question wholly independent of the plaintiff's title to obtain payment from the representative of the estate.

The creditor's claim, in this case, if embraced at all, must fall within the second of the cases above stated. But it fails in satisfying one essential condition in that case, inasmuch as there has been no decree of the judge of probate, distributing the balance of assets amongst the creditors ; and there could be no such decree, because there was no account stating the final amount of assets to be distributed. If, on such an account, it had appeared that the assets exceeded all claims finally allowed, by the report of commissioners, not appealed from, and settled by adjudication, then it would appear that the estate was not insolvent, and any decree of the judge of probate, directing the executor or administrator to pay the sums reported by the commissioners, would be void. The authority of the Probate Court is, to distribute or apportion the assets amongst the creditors ; and of course exists only where there is not enough to pay the whole. *Dawes* v. *Head*, 3 Pick. 128.

But it is said, that, on this construction, a creditor has not an adequate remedy. But this position cannot be maintained

In the first place, if the administrator has failed to render his account, for six months after the report of commissioners,

and the final liquidation of claims, so as to delay a decree of distribution, such neglect shall be deemed unfaithful administration and a breach of the bond, and the executor or administrator may be removed and shall be liable on the bond for all damages occasioned by his default. Revised Stat. c. 68, § 25.

The recovery in such case is of all damages occasioned by the default of such delinquent administrator, not the special damages sustained by one creditor. The suit is for the benefit of all parties interested. Then the course of proceeding is indicated by the Revised Stat. c. 70, § 10, fourth subdivision, in which it is provided, that execution shall be awarded, without expressing that it is for the use of any particular person, that is, generally in the name of the judge of probate. The suit in such case is to be brought, by any creditor, next of kin or legatee, who may be authorized by the judge of probate, upon a representation to him made, that the administrator has failed to perform his duty, in any other respect than those specified, that is, non-payment of debts ascertained by judgment, non-payment of dividends to creditors of an insolvent estate, ascertained by a decree of distribution, and non-payment of distributive shares to next of kin, as determined by a decree of distribution. Revised Stat. c. 70, § 6. In such case, by § 7, there shall be an indorsement of the name of the person authorized, who shall be liable for costs, and execution shall issue against such indorser, and not against the judge of probate. And by § 11, all moneys recovered in such suit, shall be paid over to the co-executor or co-administrator, or to whoever shall then be the rightful executor, and shall be assets to be administered. Thus the course seems to be plainly marked out. If the delinquent executor be chargeable with any actual breach of trust, he will commonly be removed. If there be a co-executor or administrator not chargeable with the like default, the *assets* thus recovered from the delinquent and his sureties, will be paid to him, otherwise to an administrator *de bonis non*, to be appointed ; and in either case the money will be appropriated and distributed to the several persons by law entitled to it.

Under the *St.* 1794, *c.* 5, the creditor who had presented his debt to the commissioners, and when the administrator had

neglected for six months to settle his account, had another remedy by being remitted to his right of bringing his action against the administrator and recovering his debt, in the same manner as if such estate had not been represented insolvent. But in the corresponding enactments of the Revised Statutes, c. 68, § 25, this provision does not appear to be renewed. But the remedy, by an application to the Court of Probate, to remove the delinquent executor or administrator, and authorize a suit to be brought on the bond, for the general benefit, appears to be adequate and complete.

The counsel for the plaintiff relied with some confidence upon the case of *Coney* v. *Williams*, 9 Mass. R. 114, as an authority to support the present action, to recover the amount reported by the commissioners, after the administrator had neglected for six months to settle his account.

The first remark upon that case is, that all the laws then in force on the subject, have been repealed by the Revised Statutes, and if by these the law is changed, the latter and not the former must govern, and the law being clear upon the Revised Statutes, the rule therein prescribed must prevail. But there is a much more satisfactory view of that case, which is, that it is in nowise opposed to the present decision. In that case a judgment at common law had been recovered by the creditor against the estate, and the amount ineffectually demanded of the administrator before the commencement of the action. The pleadings were somewhat complicated, and not very intelligible. But the cause was decided, on the ground, that a judgment had been recovered against the estate, and the administrator could not avail himself of the bar, arising from the commission of insolvency and the proceedings under it, because he had not settled his account so as to enable the judge of probate to make a decree of distribution according to law. The Court treat it as a case, where a creditor may proceed and is entitled to maintain his action, to the same effect as if no proceedings, as upon an insolvent estate, had been had. That decision, therefore, is entirely consistent with the present, which is, that there being no judgment at common law obtained by the creditor, and no decree of distribution, as under proceedings upon an estate actually insolvent, a suit by

the creditor for his own benefit, and without a decree from the Probate Court, cannot be maintained.

*Verdict set aside, and the plaintiff to become nonsuit.*