## JUDGE OF PROBATE *v.* ADAMS & a.

No action founded upon the probate bond of an executor or administrator, prosecuted for the benefit of a legatee, or the heirs at law, lies until after a decree of distribution by the probate court, unless the executor or administrator has, expressly, admitted the claim to be due.

In the absence of fraud or mistake, the delivery to a legatee, of the personal estate which the executor had a right to retain until the settlement and close of his administration, upon the agreement of the legatee to pay the debts of the testator, is a sufficient consideration for the relinquishment of a legacy.

Parol evidence of a collateral agreement, which tends to vary the terms of a valid written instrument, is inadmissible.

DEBT, against Ebenezer H. Adams and William Tandy, upon a bond given to the judge of probate for the county of Sullivan, with a condition in common form, by the said Adams, as executor of the last will and testament of Israel Adams. The action is brought at the request of Joel Dame, administrator of the estate of Lucy D. Adams, hereinafter mentioned. Plea, *non est factum* ; with a brief statement that the condition of the bond has been performed. Those

parts of the last will of said Israel Adams, mentioned in the condition of the bond, material in this case, are in the words following :

"1st.   I give and bequeath unto my beloved wife, Lucy D. Adams, the sum of two hundred and twenty-five dollars, and all the personal property of every kind, which she owned in her own right at the time of our intermarriage.     2d.   I give and bequeath unto my beloved wife, Lucy D. Adams, all the rest of my personal estate whatsoever, after paying all my just and lawful debts, and certain legacies hereinafter mentioned ; also, my pew in the christian chapel in said Goshen.   I further give and bequeath unto my wife Lucy, the use and income of all my real estate for and during her natural life, and if by sickness, or disability the income of the real estate is insufficient, then she is to have the principal so far as is necessary for her maintenance and support, and after her decease, and all her funeral charges are paid, the remainder of said real estate, if there shall be any at her decease, shall be equally divided between my children and their heirs, the heirs of any child deceased having the same as the child would have, if living."

By the same will there was bequeathed to several children and heirs of said Israel Adams, the sum of one dollar each.   After the decease of said Israel Adams, the defendant, having, on giving the bond now in suit, obtained letters testamentary and of administration of the will and estate of said Israel, delivered over to said Lucy D. Adams, at her request, all the personal estate, belonging to the estate of said Israel, including that which was hers at the time of her intermarriage with said Israel, and also thirty-seven dollars in money, taking her receipt in writing for the same, she agreeing to pay the debts against the estate of said Israel, and the aforesaid nominal legacies mentioned in his said will, which she afterwards did,   Lucy D. Adams died in September, 1866, and the said Joel Dame is the administrator of her estate, duly appointed by the judge of probate for the county of Sullivan, since her decease.   Real estate belonging to the estate of said Israel has been sold by the defendant by license of the probate court, to the amount of three hundred and eighty dollars, and the money received by him for the same.   Since said sale the said Joel Dame, as administrator of the estate of said Lucy D., and before the commencement of this suit, demanded of the defendant, the aforesaid legacy of two hundred and twenty-five dollars, bequeathed to her by the will of said Israel, which the defendant refused to pay, and the same has never been paid to said Lucy D. Adams nor to said Dame, as the administrator of her estate.

The defendant offered to show, by parol testimony, that at the time said personal property and money were delivered to said Lucy D. by said Ebenezer H. Adams, as aforesaid, she agreed to accept and receive the same in full satisfaction and discharge of all claims against the estate of said Israel, and of all the legacies bequeathed to her by said will, except the interest in the real estate.   To the admission of this testimony the plaintiff objected, and the questions arising thereupon, and upon the foregoing case, were submitted for the decision of the court.

*Wait*, for the plaintiff.

The agreement to accept the personal property, in full satisfaction of all that was due the legatee by the will, was wholly without consideration, so far as it relates to this legacy of two hundred and twenty-five dollars. Payment of one legacy, can be no satisfaction of another; nor can it be any consideration to support an agreement to discharge another. *Blanchard* v. *Noyes*, 3 N. H. 518; *Matthews* v. *Strafford Bank*, 25 N. H. 104 and authorities cited; *Fisher* v. *Willard*, 20 N. H. 421. If these views are correct, and it is submitted that they are fully sustained, by principle as well as authority, then it must very clearly follow, that the evidence offered is incompetent.

*Barton*, for the defendant.

By the agreement with the executor, Mrs. Adams received the property and money, in full satisfaction of her claim to money and personal property given to her by the will. Will it. be contended that said agreement was repugnant to a certain provision of the will? If so, we say that as she was the only legatee affected thereby; she had a right to make said agreement, and the executor was guilty of no official misconduct in delivering the same to her. The transaction bound her and her administrators. It may be considered a fair and well-understood compromise, carried faithfully into effect. The executor gave up the right he had to manage and control the estate to the legatee, and she received the benefit of his action in the premises. See 2 Pars. on Cont. 122; *Milliken* v. *Brown*, 1 Rawle 391. And we submit that, by the authorities and on principle, we have a right to show by parol testimony the said agreement of Mrs. Adams with the defendant.

FOSTER, J. Suits upon probate bonds, can be maintained only by reason of, and in accordance with statutory provisions.

Our General Statutes, chap. 176, sec. 12, provide that no person shall act as administrator, (which term includes the office of *executor*, Gen Stat. ch. 176, sec. 1,) of the estate of a person deceased, until he shall have given bond to the judge of probate, upon condition, among other things: 1. To return a true inventory of the estate; 2. To administer the same according to law; 3. To render an account of his administration within one year; 4. "To pay and deliver the rest and residue of the estate, which shall be found remaining upon the account of such administrator, to such person or persons, respectively, *as said judge by his decree, according to law, shall limit and appoint.*" This provision, is a re-enactment of the Revised Statutes, ch. 158, sec. 12, and of long prior existing laws. See act of July 2, 1822, sec. 3.

In the present case, the executor has never agreed to allow the plaintiff's claim, nor in any way assented to it; but, on the contrary, has always disputed its validity, and it has never been adjudicated by

the probate court.    The pecuniary legacy to Mrs. Adams having been demanded by her administrator, the defendant has refused to pay the same, notwithstanding, assets sufficient have come to his hands ; and this refusal, it is claimed by the plaintiff, amounts to a breach of the condition of the defendant's bond.

In Massachusetts, it has been held under statutes similar to ours, that the neglect of an executor or administrator to pay, upon demand, any debt of the deceased, *which has been ascertained by the judgment of a court*, there being assets in his hands, is unfaithful administration, and a breach of that clause in his bond which requires him to administer the estate according to law.    *Cony* v. *Williams*, 9 Mass. 114 ; where it is said that the condition of an administrator's bond, in Massachusetts, is in the same words of the statute of 22 & 23 Car. 2, ch. 10, § 1, 2 Red. on Wills, 80.    Our own statute (Gen. Stat., ch. 176 § 12 ; R. S., ch. 158 § 12), if not in the same words, is identical in substance.    And upon the construction of the statute of Charles, it was held in England that, " whereas, by the words of the condition, the administrator is to administer well and truly ; that shall be construed in bringing in his account, and not in paying the debts of the intestate ; and, therefore, a creditor shall not take an assignment of the bond and sue it, and assign for breach, the nonpayment of a debt to him, or a *devastavit* committed by the administrator."    *Archbishop of Canterburg* v. *Wills*, 1 Salk. 316.

And, therefore, with reference to the clause in the probate bond which requires the executor to pay the residue of the estate, &c.," to such person or persons, respectively, as said judge, by his decree, according to law, shall limit and appoint," it has been held that no action can be maintained upon the bond for a breach of this condition, for the benefit of heirs at law, *until there has been a decree of distribution*, as well as a demand ; *Coffin* v. *Jones*, 5 Pick. 61 ; nor for the benefit of a legatee, without a decree of court and a demand.    *Prescott* v. *Parker*, 14 Mass. 428.

In the case of the *Judge of Probate* v. *Briggs*, 5 N. H. 68, it is said by the court : " It seems to have been sometimes taken for granted that neglect or refusal to account for particular sums, received by executors or administrators, was a breach of the condition of the bond.    But a doubt having arisen in this case, whether that was sound law, we have been induced to examine attentively the general nature of the condition of these bonds."    And then the court proceed to say : " We believe that it has never been supposed a refusal, by an executor or administrator, to pay a debt, on the ground that nothing was due, might amount to a breach of the condition. In such a case, the usual course has been to have the debt ascertained by a judgment, and not to resort, in the first instance, to a suit upon the probate bond.    It is the *duty* of executors and administrators to resist claims which they deem to be groundless, and it would be singular, indeed, if an honest discharge of this duty should be adjudged a breach of the condition of the probate bond."

And in *Rogers* v. *Wendell* decided in Rockingham, November term,

1815, cited in the case above referred to, it was held that a refusal to pay a legacy on the ground that nothing is due, is no breach of the condition of the bond. In that case, Mr. Ch. J. Smith is reported as saying: "In general, all claims must be *liquidated*, before they can be recovered upon a probate bond. If a claim were *admitted*, it need be no further liquidated." In that case, as in this, the claim was neither liquidated nor admitted, and such a claim cannot be enforced by a suit upon the bond.

There can be no distinction in the application of the principle to debts and to legacies. And, therefore, it was held in the case of the *Judge of Probate* v. *Kimball*, 12 N. H. 165; that, in this state, all legacies are so far charged upon lands, that it becomes the duty of the executor, as in the case of debts, in default of personal estate, to obtain a license from the judge of probate, to sell so much of the estate as shall be sufficient for the payment.

And Mr. Ch. J. Parker says: "Should he refuse to do so, the non-payment, *after assent, or a judgment against him,* would be a breach of the condition of his bond." See, also, *Judge of Probate* v. *Emery,* 6 N. H. 142, and *Judge of Probate* v. *Lock,* 6 N. H. 396. Statutes similar to ours have received similar interpretations in other jurisdictions, where the same doctrines have been held. *Probate Court* v. *Van Dusen,* 13 Vt. 135; *Potter* v. *Titcomb,* 7 Green. 302; and Mr. Redfield says: "There is, ordinarily, no liability, upon an executor's or administrator's bond, in behalf of a creditor, legatee or distributee, until after a final decree in the probate court against such executor or administrator for the payment of the sum due such creditor, legatee or distributee." 2 Red. on Wills, 82 & 83; *Adams* v. *Adams,* 16 Vt. 228.

In conformity with the authority of our own adjudged cases, sustained as they seem to be by sound sense, and confirmed by the judgment of other tribunals entitled to our respect, we are of the opinion that the present suit cannot be maintained. It becomes unnecessary, therefore, to consider the main question raised by the agreed case, and in conformity with the agreement of the parties, this case is discharged.

But since the parties desire that the court should indicate its views concerning the questions raised by the case, questions which are of practical consequence only on the trial of a suit against the executor to recover the legacy, or upon some legal adjudication of the matter in the probate court, we have no hesitation in. saying that there was, apparently, a sufficient legal consideration for the relinquishment of the legacy of two hundred and twenty-five dollars, consisting in the delivery to Mrs. Adams, by the executor, of all control of the personal property, upon her agreement to pay the debts, instead of retaining or selling the property and paying the debts out of its proceeds. The law does not undertake to measure the adequacy of the consideration for a contract or agreement. The slightest benefit conferred upon the one party, or the slightest loss or inconvenience sustained by the other, is sufficient. Chitty on Contracts 7; *Sanborn* v. *French,* 22 N. H. 248.

But we are to presume, that the negotiations, which took place between Mrs. Adams and the executor, were reduced to writing and embodied in the receipt, as it is called. The writing must receive such a construction as its terms naturally import, and it cannot be varied or controlled, or its purport rendered more comprehensive, by parol evidence, tending to show such a substantial variation from the agreement expressed by the writing, as the relinquishment of the legacy. This would be, in effect, to substitute a materially different contract for the one which was really agreed upon, to the manifest prejudice of one of the parties. 1 Green. Ev. § 275; *Hodgdon* v. *Waldron*, 9 N. H. 67; *McQuesten* v. *Bowman*, 17 N. H. 24; *Thompson* v. *Phelam*, 22 N. H. 339; *Conner* v. *Coffin*, *ibid.* 538; *Lang* v. *Johnson*, 24 N. H. 302; *Nutting* v. *Herbert*, 35 N. H. 120.

We are, therefore, of the opinion, that this suit cannot be maintained.