## ABIJAH CURTIS *v.* ELIAS CURTIS.

An administrator, *de bonis non*, cannot maintain an action of account against a former executor, to recover a balance in his hands, which he refuses to liquidate. The appropriate remedy in such case is, to cite the executor before the probate court, who have exclusive jurisdiction, in such matters, in the first instance.

One executor, to maintain an action of account against his co-executor, must make a case within the statute.

THIS was an action of account, wherein the plaintiff alleged, in substance, that he and the defendant, on the twenty-third of November, 1827, were executors of the last will and testament of Elias Curtis, late of Tunbridge, deceased, having proved said will in the probate court for the district of Randolph, and received from said court letters testamentary in due form of law; that as such executors they possessed themselves of the real and personal estate of said testator, and proceeded to execute said will; that on the twetieth day of December, 1838, they made a request, in writing, to said probate court to be discharged from their said trust as such executors, and were then by said court discharged there-

from; that afterwards, on the second day of January, 1839, said probate court appointed the plaintiff administrator, *de bonis non,* of the estate of the said testator, with the will annexed, who thereupon accepted said trust, gave bonds, &c.; that, at the time of the discharge of the said executors from their said trust, the defendant had in his hands $400, in money and other personal estate belonging to the estate of said testator, which were assets in the hands of said executors, and which the defendant ought then to have accounted for with the plaintiff, as administrator *de bonis non,* as aforesaid; but though often requested, and particularly on the third day of March, 1840, to account with the plaintiff, the defendant neglected and refused so to do, to the damage, &c.

To this declaration there was a demurrer and joinder.

The county court decided that the declaration was insufficient, and that the defendant recover his costs, and the plaintiff excepted to the decision.

*W. Hebard,* for plaintiff.

*Levi B. Vilas,* for defendant.

The action of account, at common law, could be sustained only against guardians in socage, bailiffs, or receivers, or by one merchant against another, naming him as merchant, and the executors of a merchant. 1 Sw. Dig. 579.

This action has been extended by our statutes, but those cases to which it has been extended, are enumerated and do not embrace the case at bar.

The only liability of the defendant, in the case under consideration, is upon his bond given to the probate court, and his liability to account with the probate court when duly called upon for that purpose.

The opinion of the court was delivered by

REDFIELD, J.—The action of account between co-executors does not lie at common law. It is given by statute, and the object and ground of the action specifically defined. One executor may have this action against another, " who neglects to pay the debts, &c., in proportion to the estate in his hands." The object of the action would seem to be to compel the application of funds, for which the executors, either in conse-

quence of having given a joint bond, or from some other cause, are jointly liable to account before the probate court. This action would seem to be a preliminary step in order to enable the executors to close their account before the probate court, when either of the executors refuses to apply funds in his hands. To sustain this action, the declaration must be by one executor, as such, and on the grounds contemplated by the statute. Nothing of that kind appears in the declaration in this case. It is simply alleged, that while plaintiff and defendant were joint executors, four hundred dollars came to their hands jointly, which was in the hands of defendant at the time they were discharged, and plaintiff appointed administrator *de bonis non*, and which defendant then should have paid to plaintiff, but which he refused to do.

The account is claimed, not as co-executor, but as administrator *de bonis non.* The statute gives no such remedy. If the defendant, at the time of his discharge from the office of executor, had funds in his hands, belonging to the estate, he was liable to account for them before the probate court. When called upon to render his account there, by any one interested therein, if he refused, or if he was was found in arrear upon such accounting, he would be liable upon his bond. For any thing apparent upon this declaration, the defendant may have fully discharged his duty as executor to his co-executor, and, by any other person interested in the matter, he can only be called to account before the probate court, who have, in the first instance, exclusive jurisdiction in such matters.

Judgment affirmed.