STIRLING ADAMS, Appellant, *v.* HIRAM ADAMS AND HARRY AD-
AMS, Administrators of FRIEND ADAMS, Appellees.

The administrator upon an estate is not liable to be sued in assumpsit,—nor
*Per* WILLIAMS, CH. J., in any other form of action, for the distributive
share of an heir to such estate, previous to any proceedings being had in
the probate court in reference to fixing the amount of each heir's distrib-
utive portion of the estate, and the persons to whom it is to be paid.

APPEAL from the court of probate.

It appeared that the intestate, Friend Adams, was, in his lifetime,
administrator upon the estate of one Benjamin Adams, of which es-
tate the appellant was one of the heirs. No commissioners were
ever appointed on the estate of Benjamin Adams, no order of dis-
tribution of said estate among the heirs was ever made, and no set-
tlement of the estate was ever had in the probate court. The appellant
presented his claim for a distributive share of said estate as a claim
against Friend Adams, before the commissioners appointed to ad-
just the claims upon the estate of·Friend Adams, by whom it was
disallowed; an appeal being taken from their decision, the appel-
lant filed a declaration in assumpsit for money had and received,
alledging that said Friend Adams in his lifetime became indebted to
the appellant in the amount claimed.

On trial the defendants objected that the action of assumpsit
could not be sustained, and the court directed a verdict for the de-
fendants. Exceptions by appellant.

*P. C. Tucker* for appellant.

An objection has been made to the appellant's claim, that, if re-
coverable at all, it must be by suit upon the administration bond of
Friend Adams. But such an action could not have been sustained.
*Judge of Probate* v. *Pratt*, 1 D. Ch. 233. *Probate Court* v. *Van-
duzer et al.*, 13 Vt. 135.

The case is analagous to a claim for a legacy; and actions to
recover legacies have been sustained;—*Atkins* v. *Hill*, Cowp. 284,
*Hawkes* v. *Saunders*, Ib. 289;—in both of which cases the form of
action was assumpsit;—3 East. 120, Sw. Dig. 453, 575; and the
case comes within the principle of the action of assumpsit, as laid
down in 1 Chit. Pl. 92, 341.

The action does not come within the prohibition of the statute. [Rev. St. c. 48, § 21,] since no commissioners have ever been appointed upon the estate of Benj. Adams. In such case *creditors* are not prevented from sustaining actions against the administrator ; *Blodgett* v. *Brinsmaid,* 7 Vt. 9 ; and certainly the rule is equally applicable to the claims of heirs.

————— ————— for defendants.

1. The statute fixes the remedy against an administrator for a claim of this character, as being, primarily, within the jurisdiction of the probate court;—and no other remedy can be had. *Prob. Ct.* v. *Vanduzer et al.,* 13 Vt. 135. 3 Pick. 170. 10 Ib. 75. 11 Ib. 496.

2. The administrator is liable only on his bond. If a suit like this could be sustained, every heir to an estate may bring his separate action of assumpsit for his share, and the court be called upon to renew the examination, as often as an unsatisfied heir shall appear.

3. A distribution must be ordered by the probate court, before a foundation can be laid for any claim by an heir. 1 Sw. Dig. 459. 1 Day 150.

The opinion of the court was delivered by

Williams, Ch. J. This was an appeal from the decision of the commissioners on the estate of Friend Adams. The plaintiff's claim is for his share as an heir to the estate of one Benj. Adams, of which Friend Adams was administrator ; and the question is, whether Friend Adams became indebted, in his life time, to the plaintiff, for whatever claim the plaintiff may have had to the estate of Benjamin Adams.

Whether the plaintiff was such heir, whether there was any estate of Benjamin Adams to which the plaintiff was entitled, and what was the amount to which he was entitled, were questions entirely within the jurisdiction of the court of probate, and the heirs could have no claim personally on the administrator, until this was ascertained by the probate court. Neither an action of assumpsit, nor any other action, can be maintained against the administrator, until this has been settled and determined by the probate court. Friend

Adams, therefore, was not indebted personally to the plaintiff for any sum in his hands as administrator of Benjamin Adams, and no action of assumpsit could have been maintained against him therefor, and consequently no such action can be sustained against his representatives. The claim was, therefore, rightly disallowed by the commissioners, and the decision of the county court was correct. It is not necessary for us to point out to the plaintiff his remedy;— it is sufficient to say that this action cannot be maintained.

The judgment of the county court is therefore affirmed.