51  521
70  375
70  379

EDWARD G. WOODHOUSE, ADMINISTRATOR, *vs.* CHARLES PHELPS, EXECUTOR.

A testator gave certain real and personal property to his daughter *E* for life, and after her death to her children, making no disposition of it in the event of there being no children. *E* died at the age of twelve, leaving no children. Shortly before her death her brothers and a nephew, being the only other heirs of the testator, executed an instrument under seal whereby they released to her all their interest in the property in question, intending it as a gift, and she disposed of it by a will. Held that, on the death of the testator, the fee of the property, as intestate estate, vested in his heirs at law, subject to be divested by the birth of children of *E*, and that the heirs had therefore a title upon which their release to *E* could operate, and that the title so released vested in her and passed by her will.

While it is true, as a general proposition, that the title to personal property vests in an executor or administrator, yet he is a mere trustee for creditors and for heirs or legatees; and where the property is not wanted for the payment of debts and is rightfully in the possession of the persons who have the equitable title to it, the naked title of the executor or administrator is not sufficient in equity against such equitable title and rightful possession.

[Argued January 9th—decided February 15th, 1884.]

ACTION to recover a sum of money in the hands of the defendant as executor, claimed to belong to the plaintiff as administrator; brought to the Superior Court in Hartford County, and tried to the court before *Andrews, J.* Facts found and judgment rendered for the defendant. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*J. G. Calhoun,* for the plaintiff.

*B. H. Bill* and *C. Phelps,* for the defendant.

CARPENTER, J. Horace Wadsworth in his will made this provision for his daughter:—"I give, devise and bequeath to my beloved daughter, Ella Wadsworth, the use and improvement during the period of her natural life

of the sum of eight hundred and fifty dollars.  Also my meadow lot, so called, being a certain piece of land situated in Hartford and containing about two and a half acres.  At the decease of my said daughter I give, devise and bequeath the same to the children of my said daughter Ella and their heirs forever."  No disposition was made of the property in the event of her dying without children.  When the testator died she was about twelve years old, and she never had any children.  A short time before her death her brothers and the son of a deceased sister, being with herself the only heirs at law of the testator, executed an instrument under seal whereby they released and conveyed to Ella all their interest in the property named in said clause of the will, intending it as a gift to her.  She left a will making the defendant her executor.  The plaintiff, as administrator *de bonis non* of the estate of the father, brought this suit against the executor of the daughter to recover the personal property, the use of which was given to the daughter for life.  The Superior Court upon these facts rendered judgment for the defendant and the plaintiff appealed.

The case turns upon the effect to be given to the deed from the other heirs to Ella.  The plaintiff claims that this deed when it was given was inoperative, for the reason that the releasors at that time had no interest in the property on which it could operate ; that until the death of Ella their interest was a mere expectancy that could not be conveyed.

The test question in the case is, in whom did the title to the property vest on the death of Horace Wadsworth?  It did not vest in Ella alone, because the will in terms gives her nothing but the use and improvement of it.  It did not vest in her children, because none such ever came into existence.  As the will did not provide for that contingency, the fee, or the remainder after the termination of the life estate, was undisposed of by the will.  It was therefore intestate estate, and vested in the heirs at law, subject of course to be divested on the birth of children.

The estate was conditional, depending however upon a condition subsequent, which did not prevent its vesting.

As the contingency on which the estate was to divest never happened, the real title remained in the heirs at law; and when four of them united in a conveyance to the only remaining one, it vested in her a complete title, subject only to a contingency which was well nigh impossible. It follows that when Ella Wadsworth died the equitable title to the property in question was in her, and consequently passed to her legatees.

But it is said that the legal title to the personal property of a deceased person vests at once in the executor or administrator. Generally that is true, but he is a mere agent or trustee for creditors, heirs or legatees. He has a naked title with no beneficial interest. His title will always prevail against strangers. Before distribution, especially when wanted for the payment of debts or legacies, it will prevail against the heirs. But when not wanted for the payment of debts, and it has been appropriated where it rightfully belongs, the naked legal title of the representative of a deceased person is not sufficient in equity against one who has the equitable title accompanied with the rightful possession.

Horace Wadsworth died in 1860. It is found that his estate "was fully settled; all debts and charges were paid, and distribution was had." There are therefore no debts of Horace Wadsworth to be paid now. The only purpose for which the plaintiff can recover is to distribute it among the heirs. But the heirs have already had the property and have made a disposition of it, and the defendant holds under them. Now, whatever infirmity there may be in this as a legal defense, it is clearly a good defense in equity; and the defendant claims equitable as well as legal relief. The heirs have once received and disposed of the identical property which the plaintiff seeks to recover in this action. Why should he recover it of the purchaser and restore it again to the heirs? There is neither reason nor justice in the claim.

There is no error in the judgment complained of.

In this opinion the other judges concurred.