GEORGE B. DAVIS, ADMR.,

v.

MARY FLINT'S ESTATE.

October Term, 1894.

*Claim against deceased as executrix.     Cannot be presented
to commissioners.*

A claim against a deceased person as executrix cannot be present-
ed to commissioners upon her estate, but must be determin-
ed upon the settlement of her account as such executrix in
the probate court.

Appeal from an order of the probate court for the district
of Caledonia accepting the report of commissioners upon
the estate of Mary Flint, by which the claim of the plaintiff
was disallowed.    Trial by court at the June term, 1894,
Caledonia county, Tyler, J., presiding.    Judgment for the
plaintiff.    The defendant excepts.

*M. Montgomery* and *W. P. Stafford* for the defendant.

The administrator *de bonis* of Brainerd Flint's estate can-
not maintain this action.    The heirs are the proper parties.
*Potts* v. *Smith*, 24 Am. Dec. 359; *Sargent* v. *Kimball*, 37
Vt. 323; *Staughter* v. *Froman*, 17 Am. Dec. 33; *Alsop* v.
*Mather*, 21 Am. Dec. 703; *Chamberlain, Admr.*, v. *Bates,
Admr.*, 27 Am. Dec. 667; *Stubblefield* v. *McRaven*, 43
Am. Dec. 502; *Grant* v. *Chamberlain*, 4 Mass. 611, 613;

*Tyler* v. *Wheeler*, 160 Mass. 206 ; *Curtis* v. *Curtis*, 13 Vt. 517.

The settlement of the account of Mary Flint in the probate court is a bar until set aside by that court.     *Probate Court* v. *Van Duser*, 13 Vt. 140 ; *Rix* v. *Heirs of Smith*, 8 Vt. 365 ; *Paicher* v. *Bussell*, 11 Cush. 107.

No suit can be sustained against the estate of Mary Flint unless it would lie against her in her life time.     *Sawyer* v. *Hibbard*, 58 Vt. 375 ; *Hatch* v. *Hatch*, 60 Vt. 160 ; *Howard and wife* v. *Brown*, 11 Vt. 361 ; *Re Estate of C. E. Benton*, 66 Vt. 507.

So long as Mary Flint was alive, the only remedy was by settlement of her account as executrix in the probate court, and that is the only remedy now.     *Probate Court* v. *Pratt*, 1st D. Chip. 233 ; *Short* v. *Moore*, 10 Vt. 446 ; *Probate Court* v. *Vanduser*, 13 Vt. 135 ; *Curtis* v. *Curtis*, 13 Vt. 517 ; *Bank* v. *Kidder*, 20 Vt. 519 ; *Probate Court* v. *Chapen*, 31 Vt. 373 ; *Probate Court*, v. *Kimball*, 42 Vt. 320 ; *Probate Court* v. *Saxon*, 17 Vt. 623 ; *Probate Court* v. *Kent*, 49 Vt. 388 ; *Chapen* v. *Ward*, 38 Vt. 628 ; *Adams* v. *Adams*, 22 Vt. 63 ; *Foss* v. *Sowles*, 62 Vt. 221 ; *Mirriam* v. *Hemingway*, 26 Vt. 565 ; *Com.* v. *Stub*, (Penn.) 51 Am. Dec. 518.

*Bates & May* and *John C. Burke* for the plaintiff.

MUNSON, J.   In 1868, the decedent, Mary Flint, received letters testamentary on the estate of her husband, Brainerd Flint, and thereupon brought a suit as executrix upon a promissory note which was payable to the deceased, and is found to have been his property.   The suit was continued the first term and settled in the succeeding vacation, the executrix receiving the full amount of the note.   She returned an inventory of the estate soon after receiving her appointment, and rendered a final account of her administration in June, 1869.   She made no return of the note in the

inventory, and did not account for its avails in her settle-
ment.    The heirs of Brainerd Flint had no knowledge of
this note or suit until after Mary Flint's death, which occur-
red in 1892.    No further account of Mary Flint's administra-
tion has been rendered.    The plaintiff, as administrator *de
bonis non* of Brainerd Flint, presented a claim for the sum
so withheld to the commissioners on Mary Flint's estate;
and this is an appeal from the disallowance of his claim by
the commissioners.

It was held in *Davis* v. *Eastman*, 66 Vt. 651, that Mrs.
Flint's executor could not be made to account in equity for
money belonging to Brainerd Flint's estate, for the reason
that it was still within the power of the probate court to com-
plete the settlement of that estate.    We think it must also be
held that the amount for which Mrs. Flint was accountable
cannot be determined by the commissioners on her estate.
It has been uniformly held in this state that persons who are
charged with the administration of funds by appointment of
the probate court, cannot be sued for a non-payment of the
funds until their liability has been determined by a decree of
that court.    *Short* v. *Moore*, 10 Vt. 446; *Probate Court*
v. *Vanduzer*, 13 Vt. 135; *Curtis* v. *Curtis*, 13 Vt. 517;
*Adams* v. *Adams*, 16 Vt. 228; *Bank of Orange County* v.
*Kidder*, 20 Vt. 519; *Probate Court* v. *Slason*, 23 Vt. 306;
*Merriam* v. *Hemmenway*, 26 Vt. 565; *Probate Court* v.
*Chapin*, 31 Vt. 373; *Probate Court* v. *Kimball*, 42 Vt.
320; *Probate Court* v. *Kent*, 49 Vt. 380; *Foss* v. *Sowles*,
62 Vt. 221.    In *Adams* v. *Adams*, an heir to an unsettled
estate presented to the commissioners on the estate of the
deceased administrator thereof a claim for his distributive
share.    The court said it was for the probate court to deter-
mine whether the plaintiff was an heir, whether there was
any estate for distribution, and if so the amount of the
plaintiff's share; and held that until these matters were as-
certained by the probate court the heir could have no˙

claim against the administrator personally, and that consequently an action could not be sustained against his representatives.

It is apparent from these decisions that the accountability of the deceased executrix must be determined by the probate court before any other action can be taken. As we hold that there can be no recovery in this proceeding upon the facts found, we do not consider the exceptions taken to the evidence received. Nor do we pass upon the question whether the proceeding could be sustained by an administrator *de bonis non* if otherwise properly brought.

*Judgment reversed and judgment for defendant; to be certified.*