### James A. McInnis *vs.* Boston Elevated Railway Company.

Suffolk.    November 15, 1905. — February 28, 1906.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Sheldon, JJ.

*Witness.   Evidence.*

In an action against a street railway company for personal injuries, the defendant contended that the plaintiff was injured while attempting to get on a moving car when he was intoxicated. The plaintiff's wife, when cross-examined as to what she had said in reference to the accident to a woman who kept a grocery, denied telling the woman that her husband had gone down the harbor with two fellows from Everett or telling her that he had been drinking. The woman who kept the grocery was called by the defendant as a witness and was asked in regard to the plaintiff's wife "Did she tell you where her husband had been?" This was objected to by the plaintiff and admitted by the judge as competent to affect the credibility of the plaintiff's wife, if she said anything inconsistent with her statements on the stand, and ruled that the statement was "material if she testified as to her husband's condition." The plaintiff excepted to the ruling. The witness answered: "She came in again, and said I should trust her again, without her old bill being paid, because he went away yesterday without leaving any money, and he was drinking, and he was hurt, and she couldn't find any money in his pocket." *Held,* that, even treating the question as not a merely preliminary one, it was competent to ask the witness where the plaintiff's wife said that her husband had been, for the purpose of impeaching the wife's credibility as a witness, and that the answer, which was not responsive, was not in question, no objection having been made to it and no motion having been made to strike it out.

Tort for personal injuries alleged to have been sustained while the plaintiff was a passenger on a car of the defendant. Writ dated September 16, 1902.

At the trial in the Superior Court before *Hardy*, J. the jury returned a verdict for the defendant, and the plaintiff alleged exceptions, raising the single question contained in the following statement taken from the opinion of the court:

The only question presented by this case is one of evidence.

The plaintiff was run over by a car of the defendant railway company. His contention was that while riding on the running board he was thrown off through the negligence of the conductor. The defendant's contention was that he was injured in attempting to board the car when he was intoxicated and while it was in motion.

The plaintiff's wife testified that he left home at six A. M. on the day of the accident, and she did not see him again until she found him at the hospital the next day, Thursday. On cross-examination she testified that her husband had been paid off the day before the accident, and in answer to the question " He had a good deal of money when he left the house that morning ? " she answered, " No, he didn't have much." She further testified on cross-examination that she had had no conversation with " Mrs. Symonds, who keeps a grocery," with reference to the accident to the plaintiff; at least she did not remember that she had; and in answer to the question " Do you remember telling her your husband had gone down the Harbor with two fellows from Everett ? " she said " No ; I didn't know he went down the Harbor." She also testified that she did not tell Mrs. Symonds that he had been drinking. The defendant called Mrs. Symonds and asked her this question : " Did she tell you where her husband had been ? " This was objected to by the plaintiff and was admitted as " competent to affect the credibility of " the plaintiff's wife, " if she said anything inconsistent with her statements on the stand," and that " the statement is material if she testified as to her husband's condition." To this ruling the plaintiff saved an exception. Mrs. Symonds then testified that " She came in again, and said I should trust her again, without her old bill being paid, because he went away yesterday without leaving any money, and he was drinking, and he was hurt, and she couldn't find any money in his pocket."

The defendant had a verdict, and the case is here on this exception.

*James J. McCarthy*, for the plaintiff.

*J. L. Hall*, for the defendant.

LORING, J. [After the foregoing statement of the case.] Passing by the fact that the question was in fact a preliminary one and treating it as a question asking where she said her husband had been, it was competent for the purpose for which it was admitted. The answer was not responsive. No objection was made to the answer and no motion was made to strike it out. The only exception before us is the exception to the question. That exception must be overruled.

*So ordered.*