### ELLA L. PUTNAM vs. ARTHUR T. HARRIS & another.

Worcester.    October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence.   Fire.   Practice, Civil,* Conduct of trial, Exceptions.   *Evidence,* Declarations of deceased persons.

In an action for negligently causing the burning over of a woodlot of the plaintiff, where the presiding judge under R. L. c. 175, § 66, admits the declarations of a deceased employee of the defendant that he sent other employees of the defendant to clear certain land and that in doing so they had started a fire and it had got away from them, which is competent evidence against the defendant if the declarant had authority to give the order, and, on objection of the defendant, the judge says that he admits the evidence *de bene* leaving the plaintiff to show the authority later, and afterwards the defendant does not bring the matter to the attention of the judge either by a request to strike out the evidence admitted *de bene* or by a request for a ruling that there is no evidence for the jury on the question of the authority of the declarant, the defendant can have no ground for exception to the admission of the declarations whether there was evidence of authority or not.

On the argument of an exception to the admission of the declarations of a deceased person under R. L. c. 175, § 66, the excepting party cannot raise the objection that the declarations stated matters not within the personal knowledge of the declarant, if the question to the witness did not call for facts beyond the knowledge of the declarant and no motion was made to strike out the answer on this ground.

An exception to the admission of evidence cannot be sustained on the ground that a witness or declarant stated a matter not within his personal knowledge, if the matter thus stated otherwise appears in the bill of exceptions to have been the fact, so that the admission of the evidence could have done the excepting party no harm.

TORT for alleged negligence in causing the burning over of a woodlot of the plaintiff in Templeton.   Writ dated August 8, 1905.

In the Superior Court the case was tried before *Pierce,* J.   The following facts were stated in the bill of exceptions :

On the day of the fire, April 28, 1903, the plaintiff was the owner of a tract of land in Templeton of about one hundred acres which was covered in the most part by a growth of young pine, spruce, maple and other varieties of wood.   The fire burned over a greater portion of this lot.

The defendants operated a mill in the village of Baldwinville in Templeton for the manufacture of tubs, pails and other wooden-ware.  They employed about one hundred men in their factory, from time to time had from ten to fifteen teams working for them, and at times had from twenty-four to thirty men cutting timber on their woodlots in Templeton and other towns. They were the owners of a large tract of woodland about three miles from their factory which had been cut off.  A small portion of this land next to an old road was mowing land, and was known as the Crow Hill lot.  On the morning of the fire two of the defendants' employees named Rush and Collins set fire to two piles of brush gathered by them on this mowing land, and this fire spread and burned over a large tract of land. A fairly brisk wind was blowing at the time toward the southwest, a direction away from the plaintiff's land which was about two thousand feet from where the fire started.

Testimony of various witnesses and a plan used at the trial showed that between the place where the fire started and the nearest portion of the plaintiff's land there was situated the mowing land, on the line of which was a stone wall, a road, a large tract of land called the Whitney or E. Murdock and Company land, which had years before been cut off and burned over, and a swamp and cranberry bog from one hundred to five hundred feet wide, with a long narrow pond in the centre thereof formed by the spreading out of a brook.

The testimony was conflicting as to whether the fire which started on the defendants' land spread to the plaintiff's land and caused the damage alleged.

The defendants had in their employ one McNaughton, who died about a month before the bringing of this action, and Rush and Collins before mentioned.  The occupation of Rush and Collins was driving teams, but at different times during their employment they had cut logs, wood and hay, and had done ploughing for the defendants.  On the morning of the fire Rush and Collins came to the defendants' factory to begin work. There McNaughton, in the absence of the defendants, told Rush to go up to the Crow Hill lot and go to ploughing, and that there were some pine tops, and to pick them up and burn them out of the way and keep on ploughing, and said he wanted

the piece sowed to rye. They set a fire to burn the brush gathered on this land and it got away from them and spread to other land. Being unable to check the fire, Collins went to the factory for help, and McNaughton and other of the defendants' men came to this lot to assist in putting out the fire.

On the question of the agency of McNaughton, there was testimony by the defendants that McNaughton was a general all-round man ; that he worked around the factory ; that he looked after the logs as they came into the yard, measured them, looked after and ran the saw mill and the sawing the logs into boards and sticking them up ; that he looked after the piling up of the staves ; looked after the horses and doctored them when sick ; that he did not pay off the men and did not discharge or hire them except under the directions of one Murphy ; that whatever he did was under Murphy's instructions; that he received his orders entirely from Murphy, and that nothing was left in his charge except under the supervision and looking after it by Murphy ; that he never acted in the capacity of foreman, and did not have charge of the teamsters nor the work outside of the factory ; that they had no superintendent or foreman, but the business was run by the defendants ; that in the absence of Murphy, one Harris looked after the business, and *vice versa ;* that there were no directions given to any of the men to burn or destroy by fire any combustibles or refuse on the Crow Hill lot, and they had no knowledge that McNaughton was going to give any directions to any one to clear this land, or that Rush and Collins were going to do any work on this land until some time after the fire had started ; that about two weeks before the day of the fire, Murphy had told McNaughton that he, Murphy, was going to plough the land and sow it to rye some time when they were easy with the teams.

There was testimony by witnesses for the plaintiff that before the fire they had heard McNaughton direct the drawing of some gravel and the ploughing of some land back of the shop, and had heard him send choppers to woodlots to make roads; that McNaughton had taken care of the horses in the barn ; had worked around the saw mill and had worked around the factory like any of the workmen ; that at different times when parties desired to have timber sawed by the defendants they were referred to

McNaughton to do the work, and that they had paid McNaughton for timber bought; that he hired and discharged men.

The plaintiff offered the testimony of Frank L. Putnam, the plaintiff's son, to a conversation between him and McNaughton on the evening of the fire, which was objected to by the defendants and was admitted by the judge against the exception of the defendants.

The manner in which this testimony was admitted and also the admission of the testimony of Rush as to a conversation with McNaughton are stated in the opinion. The manner in which the question of McNaughton's agency was left to the jury is stated in the opinion in a quotation from the bill of exceptions.

The jury returned a verdict for the plaintiff in the sum of $577.54; and the defendants alleged exceptions.

*G. R. Warfield*, for the defendants.

*J. P. Carney*, for the plaintiff.

LORING, J. This is an action for negligence against the defendants in setting a fire on their own land, which got beyond control, ran over an intervening lot, and damaged the trees on the plaintiff's premises.

As one step in proving that the fire was set by direction of the defendants the plaintiff offered to prove by one Putnam the statement of one McNaughton. It appeared that McNaughton died before the action now before us was brought. To the introduction of this evidence the defendants objected. The presiding judge ruled that the admissibility of the testimony depended " upon whether or not the questions could have been put to him or his testimony could have been shown if he were alive." The defendants again objected and the judge said : " This is admitted *de bene*, — the authority he is going to show later." Thereupon the witness testified that McNaughton stated in answer to a question as to the origin of the fire, that he had sent men from the defendants' factory to clear the defendants' land to sow rye, and in clearing the land they had started a fire and it had got away from them. Another witness, Rush by name, one of the two men sent by McNaughton, was allowed to testify against the objection and exception of the defendants that McNaughton told him to go to plough the field of the defendants in question, and added that there were some pine tops there which he told

Rush and the other employee to pick up "and burn them out of your way."

It is plain that the testimony was admitted under R. L. c. 175, § 66, and was competent against the defendants if it was shown that McNaughton had authority from them to give the directions in question. Whether evidence of the directions given should be admitted first and the authority shown later, or the evidence of the directions given should be excluded until McNaughton's authority was shown, was a matter to be decided by the presiding judge in his discretion.

It heretofore has been generally laid down that in such a case the exception will not be sustained unless it appears from the bill of exceptions that the evidence was not properly connected. *Whitcher* v. *McLaughlin*, 115 Mass. 167. *Costello* v. *Crowell*, 133 Mass. 352, where the earlier cases are collected.

It is -more correct to say that the exception will not be sustained unless the fact that the evidence admitted *de bene* had not been properly connected afterwards was brought to the attention of the judge and a further ruling on that ground asked for. The rule was so laid down in *Brady* v. *Finn*, 162 Mass. 260. See also *Williams* v. *Clarke*, 182 Mass. 316.

But whichever is the true statement of the rule, the exception in question must be overruled.

The matter was not subsequently brought to the attention of the judge either by a request to strike out the evidence admitted *de bene*, or by a request for a ruling that there was no evidence for the jury on this point.

It is stated in the beginning of the bill of exceptions that "the evidence material to the issues raised was as follows." Whatever might be thought to be the true construction of this bill of exceptions if this statement stood alone, it is plain from the concluding statement of the bill that the defendants did not raise the question of the sufficiency of McNaughton's authority. The concluding statement is as follows : "The question of Mc-Naughton's agency and authority to direct men to set fire to the brush on the lot was submitted to the jury under proper instructions and not excepted to by either party."

The defendants now further object that McNaughton could not have testified to the facts stated by him because they were

not within his personal knowledge. The question asked did not call for facts not within his knowledge, and no motion was made to strike out the answer on that ground. The objection cannot now be raised. See *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496; *McInnis* v. *Boston Elevated Railway*, 190 Mass. 386. Apart from that it appears that McNaughton went to the fire after it started, and therefore the only fact testified to by him of which he could not be found by the judge to have had personal knowledge was the fact that the fire was set by Rush and the other employee. That is stated in the bill of exceptions to have been the fact, and therefore the defendants were not injured by the introduction of that evidence. In such a case the exception will not be sustained. *Hinckley* v. *Somerset*, 145 Mass. 326.

*Exceptions overruled.*

