MARTHA T. BISHOP vs. THE GROTON SAVINGS BANK ET AL.

Second Judicial District, Norwich, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A testator in his will left to his wife the "use, rents, interest and income" of his residuary estate "with liberty and authority to use as much of the principal . . . as she may desire for her own personal comfort," and with power to sell and convey and "use and invest the avails of all such sales as she may think will best promote her happiness and enjoyment." The testator further directed that after her death her expenses of last sickness, funeral and monumental charges should be paid, and then he gave "whatever remains afterwards" to his oldest daughter Abby. *Held* that under these provisions the wife took a life, not an absolute, estate in the residue, that the term "for her own personal comfort" meant for her personal support, and hence that she had no power to make a gift of any part of this property, and whatever remained at her death went to the daughter Abby.

A part of this residue consisted of a savings-bank deposit which the widow later transferred to the joint account of herself and another daughter, Martha, and from which the widow drew until her death in 1899 and Martha drew until the present time. The trial court was unable to find how much of that drawn prior to the widow's death was used for her benefit, and how much for Martha's personal benefit. Abby had died in 1889, leaving as her only heirs her two sisters, Martha and Ellen, the latter dying in 1918. Abby's estate had been duly settled, without, however, taking account of her remainder interest in the deposit. In a suit by Martha against the bank for the amount remaining on deposit, the bank filed a cross-complaint in the nature of an interpleader, under which Ellen's executor was made a party defendant. *Held:*—

1. That upon the widow's death the beneficial interest in the deposit passed to the two sisters, Martha and Ellen, as heirs of Abby, and that since an administrator holds the technical legal title to personalty only for the purposes of administration, and Abby's estate had been administered as far as creditors were concerned, the technical legal title of Abby's administrator might be disregarded, particularly where it was not asserted.

2. That the bank held the deposit as trustee for the equitable owners, Martha and Ellen, notwithstanding Martha's apparent right to draw out the funds, and the fact that the bank might not always have realized this relation was immaterial, since it had not paid to Martha a sum greater than her one-half interest in the fund.

3. That Ellen's executor was not barred by lapse of time from claiming her portion, since Martha never had possession of the fund, and since the bank was a continuing trustee, and statutes of limitation have no application to an open, continuing and acknowledged trust.

4. That in this action all claims to the deposit, legal and equitable, might be considered and determined, and that the trial court correctly awarded to Ellen's estate one half of the deposit remaining at the widow's death, with bank interest thereon to the date of judgment, and to Martha the other half with such interest, less the amounts withdrawn by her after the widow's death.

Argued April 27th—decided June 1st, 1921.

ACTION in two counts to recover savings-bank deposits, brought to the Superior Court in New London County where the case practically became, under the pleadings and procedure, one of interpleader, and was so treated in a trial to the court, *Hinman, J.;* facts found and judgment rendered for Belton A. Copp, executor, to

recover $4,735 of one of the deposits, and for the plaintiff to recover the rest of that deposit and the whole of the other deposit, and from this judgment the plaintiff appealed.   *No error.*

To the answer and cross-complaint in the nature of an interpleader filed by the Groton Savings Bank, the plaintiff, relying upon the allegations of her complaint that she was the owner of the book No. 6114, denied the affirmative allegations of the bank.

Belton A. Copp, executor under the will of Ellen Benham, answered by admissions and denials of the allegations of the complaint and the answer of the bank, and filed a cross-complaint asking judgment against the plaintiff and the bank for the balance due on book No. 6114.

To the cross-complaint of Copp, executor, the plaintiff filed an answer denying its allegations and pleaded the statute of limitations.

John Benham died August 30th, 1889, leaving a widow, Diana Benham, and three daughters, Abby Benham, Martha T. Bishop, the plaintiff, and Ellen Benham, the testatrix of the defendant Belton A. Copp, executor. · He left a will naming his daughter Abby as executrix, and leaving a life interest in the residuary estate to his wife, Diana. A part of his residuary estate was a deposit in the defendant bank of $4,879.47, represented by deposit-book No. 2279.

Abby Benham died on October 8th, 1889, without qualifying as executrix, and on October 19th, 1889, Jonathan S. Bishop, husband of the plaintiff, was appointed administrator *c. t. a* on the estate of John Benham, and duly qualified.

On July 8th, 1890, Jonathan S. Bishop filed a certificate of his appointment as administrator of this estate with the Groton Savings Bank, and had the above deposit transferred to a new book, No. 6114, on which was

written "Diana Benham or Martha T. Bishop." This transfer was made at the direction of Diana Benham, the widow of John Benham.

Diana Benham then believed that under the provisions of John Benham's will, recited in the opinion, she had the right to dispose of this deposit account by gift. In this belief the plaintiff and, apparently, Jonathan S. Bishop, administrator c. t. a., participated. Jonathan S. Bishop, administrator c. t. a. on John Benham's estate, in his account credited himself with the amount of this deposit so transferred.

Until the death of Diana Benham on March 21st, 1899, she, through Jonathan S. Bishop or Martha T. Bishop, as her agents, drew money as she desired from the deposit represented by book No. 6114. So, also, did Martha T. Bishop. During this period $2,050 was so withdrawn.

It was not possible for the trial court to determine how much of the amount so withdrawn from the deposit evidenced by book No. 6114 during the lifetime of said Diana Benham was withdrawn for Diana Benham, and how much by said Martha T. Bishop, nor how much of the moneys withdrawn by Mrs. Bishop was used for the benefit of Diana Benham, and how much for the personal benefit of Martha T. Bishop.

Diana Benham died March 21st, 1899, intestate, and no administrator was appointed on her estate until May 27th, 1919, when Belton A. Copp was appointed administrator and qualified. The deposit represented by book No. 6114, at Diana Benham's death, was $4,089.33.

On March 21st, 1899, the date of the death of Diana Benham, one half of the deposit evidenced by book No. 6114 amounted to $2,044.67. Interest on said sum compounded semiannually from said date to October 1st, 1920, at four per cent per annum, amounts to $2,691.12, making a total, principal and interest, of $4,735.90.

Subsequent to the death of Diana Benham, Martha T. Bishop withdrew $3,005.03 from the deposit No. 6114. The Groton Savings Bank has continuously added interest to the deposit No. 6114 compounded semiannually at four per cent per annum.

When Abby Benham died intestate (October 8th, 1889) she left as her only heirs her two sisters, Martha T. Bishop and Ellen Benham.

Jonathan S. Bishop died April 22d, 1911. April 15th, 1899, Belton A. Copp was duly appointed conservator of the person and estate of Ellen Benham, and served until she died, April 28th, 1918. Ellen Benham left a will which was admitted to probate and named Belton A. Copp as executor, who duly qualified.

*Hadlai A. Hull* and *Charles Hadlai Hull*, for the appellant (plaintiff).

*Frank S. Bergin* and *Warren B. Burrows*, for the appellee (the defendant Copp, executor).

CURTIS, J. John Benham died August 30th, 1889, and left a will containing the following provisions:—

"To my beloved Wife Diana Benham I give and bequeath the use, Rents, Interest and Income of all the rest and residue of the Real and Personal Estate that I may die seized and possessed of wherever situated and of whatever name and nature for and during her natural life with liberty and authority to use as much of the Principal of my Estate, both Real and Personal as she may desire for her own personal comfort.

"And in order to enable her to enjoy the full benefit of my bequests as herein expressed I hereby invest her with full power and authority to sell and legally convey any or all of my Real or Personal Estate and

use and invest the avails of all such sales as she may think will best promote her happiness and enjoyment.

"And after her death, I order and direct that all of the expenses of her last sickness, funeral and monumental charges be paid out of my Estate.

"And whatever remains afterwards, I give, devise and bequeath unto my oldest daughter Abby Benham.

"Lastly, I do make and constitute my daughter Abby Benham Executrix of this my last Will and Testament."

Under these provisions his wife did not receive an absolute estate in the residue of his estate. She took only a life estate. *Mansfield* v. *Shelton*, 67 Conn. 390, 35 Atl. 271; *Peters* v. *Abbott*, 94 Conn. 363, 109 Atl. 131. The term "for her own personal comfort " means for her personal support. *Peckham* v. *Lego*, 57 Conn. 553, 555, 19 Atl. 392. She had no power to make a gift of any part of the property in which she had a life estate. At her decease whatever remained of her life estate passed under the will of John Benham to his daughter Abby Benham.

A part of the rest and residue of John Benham's estate consisted of a deposit of $4,879.47 in the Groton Savings Bank, represented by deposit-book No. 2279. On July 8th, 1890, at the direction of Diana Benham, this deposit was duly transferred by the bank to a new deposit-book, No. 6114, on which was written "Diana Benham or Martha T. Bishop."

Jonathan S. Bishop, administrator, settled his account with the estate of John Benham on December 29th, 1890, and credited himself with the deposit in the Groton Savings Bank transferred as above to book No. 6114. Diana Benham therefore then held this deposit under her life interest therein. Diana Benham died March 21st, 1899.

Abby Benham, the legatee under John Benham's

will of whatever remained of the residuary estate of
John Benham, had already died on October 8th, 1889,
and on October 19th, 1889, Jonathan S. Bishop had
been appointed administrator on her estate, and, with-
out inventorying her remainder interest in the deposit
in question, he, on December 29th, 1890, settled his
account with her estate in the Court of Probate. There-
fore, when Diana Benham died, March 21st, 1899,
Jonathan S. Bishop, the administrator, had in fact
no further occasion to administer Abby Benham's
estate in behalf of creditors. This deposit was then,
March 21st, 1899, represented by the bank-book No.
6114 on which was written "Diana Benham or Martha
T. Bishop."

Jonathan S. Bishop, administrator on Abby Benham's
estate, died on April 22d, 1911, and during the period
from the death of Diana Benham, in 1899, to his death,
he, neither as administrator *c. t. a.* of John Benham's
estate nor as administrator of Abby Benham's estate,
took any action in regard to the deposit on book No.
6114 in the Groton Savings Bank, which book bore
the name of "Diana Benham or Martha T. Bishop."
Martha T. Bishop was the wife of Jonathan S. Bishop.

Upon the death of Diana Benham the beneficial
interest in the deposit on book No. 6114 passed to the
two sisters of Abby Benham, deceased, Martha T.
Bishop and Ellen Benham, her heirs at law. The
technical title to the deposit, which would ordinarily
vest in the administrator of Abby Benham, may be
disregarded, as by the settlement of her estate in
December, 1890, all interest in said deposit on the part
of creditors disappeared, and her two sisters, owners
of the beneficial interest, alone had an interest in the
deposit. The conduct of Jonathan S. Bishop, the
administrator on Abby Benham's estate, from the
death of Diana Benham in March, 1899, to his own

death, on April 22d, 1911, in taking no action as to this deposit, legally conformed to this situation.

In *Woodhouse* ·v. *Phelps*, 51 Conn. 521, the law is summarized as follows: "While it is true, as a general proposition, that the title to personal property vests in an executor or administrator, yet he is a mere trustee for creditors and for heirs or legatees; and where the property is not wanted for the payment of debts and is rightfully in the possession of the persons who have the equitable title to it, the naked title of the executor or administrator is not sufficient in equity against such equitable title and rightful possession."

The distribution of an intestate estate is not necessary to give the heirs title. The heirs are the beneficial owners of the estate, subject to the payment of debts. The administrator holds the technical legal title only for the purposes of administration. *Hotchkiss' Appeal*, 89 Conn. 420, 427, 95 Atl. 26.

When an estate has been administered, as far as creditors are concerned, and the heirs at law are in possession of, or asserting their equitable title to, property of an intestate estate, the technical title of the administrator may be disregarded, particularly when it is not asserted.

In this case there has been no claim in behalf of an administrator of Abby Benham's estate, and that estate, having been administered as far as creditors are concerned, has no longer any interest in this deposit, apart from the interest of the equitable owners, the two sisters, Martha and Ellen.

The bank, in effect, is holding this deposit as trustee of the equitable owners, Martha T. Bishop and Ellen Benham (or her estate), who alone claim it. *Savings Bank of New London* v. *New London*, 20 Conn. 111, 116; *Wood* v. *Connecticut Savings Bank*, 87 Conn. 341, 345, 87 Atl. 983. The bank may not always have

realized this relationship, but that is immaterial in this case, as it did not pay over to Martha T. Bishop a sum greater than her one-half interest in the deposit. Its conduct therefore was in accord with its trust relationship.

The fact that under the designation on the deposit book, to wit, "Diana Benham or Martha T. Bishop," Martha T. Bishop had the apparent right to draw out the funds, did not in law put the funds in her possession. The funds, in so far as undrawn, remained in the bank, as trustees of the equitable owners.

The Groton Savings Bank makes no claim to the funds because of lapse of time under any statute of limitations, as, of course, it could not do, as it was a continuing trustee of the funds. "Statutes of limitation have no application to an open, continuing or acknowledged trust." *Wilmerding* v. *Russ*, 33 Conn. 67, 68. This deposit fund never came into the possession of Martha T. Bishop. She therefore cannot claim title to it by lapse of time under the statute of limitation.

This action, under the pleadings and the facts found, was properly treated by the court below as turning upon the cross-complaint of the bank in the nature of an interpleader. Under such an action all claims to the deposit in question, legal and equitable, may be considered and determined. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 93, 43 Atl. 555.

Under the facts found, the court correctly held that after the death of Diana Benham the bank became and continued trustee of the funds for the residuary legatee, Abby Benham and her successors in interest, to wit, for Mrs. Bishop as to one half and Ellen Benham and her estate as to the other half, and the latter is not now barred by limitation from asserting its claim to the funds.

The judgment in accord with this ruling was correct.

In effect it awarded to Ellen Benham's estate one half of the deposit remaining on book No. 6114 on March 21st, 1899, the date of the death of Diana Benham, with the bank interest thereon to the date of judgment, and to Martha T. Bishop one half of the deposit on March 21st, 1899, with such interest thereon, less the amounts withdrawn by her since the death of Diana Benham.

There is no error.

In this opinion the other judges concurred.