# CASES

## ARGUED AND DETERMINED

IN THE

# Supreme Court of South Dakota

---

FULLERTON LUMBER COMPANY, Respondent, v.
HOSFORD, Appellant.

### (184 N. W. 975.)

(File No. 4904. Opinion filed November 4, 1921.)

1. **Sales—Sale of Coal, Weight Slips to Show Delivery to Defendant by Third Party, Admissibility—Vendee's Remedy.**

   In a suit to recover for coal sold by plaintiff to defendant, weight slips purporting to show the coal sold to defendant and hauled for delivery by. a third party, were admissible in evidence; and if other evidence was not introduced showing coal received by him, he should have moved to have said exhibits stricken from record and ignored by jury. ·

2. **Trial—Sales—Coal Weight Slips in Evidence Showing Delivery to Defendant—No Other Proof of Delivery, Proper Instructions Re.**

   In a suit for value of coal sold defendant, certain weight slips showing coal sold to defendant and hauled by third party, trial court properly gave certain instructions and refused another on the theory that delivery to defendant had been shown; court's attention not having been called to the fact, if such it was, that the exhibits had not been properly connected with defendant.

3. **Sales—Defense of Sale to Third Party, Account Rendered. Evidence Re Amount, Defendant's Promise to Pay, Effect.**

   An account having been rendered defendant for coal alleged to have been sold him—which concededly went to defendant's farm but which he claims was furnished to and should have been paid for by third parties—and he having promised to pay same, jury properly found against him, no claim being made that evidence failed to show the true amount of such statement, or that it failed to agree with weight slips in evidence.

McCoy, J., not sitting.

1—Vol. 45, S. D.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Fullerton Lumber Company, a corporation, against P. A. Hosford, to recover the price of coal alleged to have been sold by plaintiff to defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

G. M. Caster, for Appellant.

Roy E. Willy, for Respondents.

WHITING, J. Suit to recover the selling price of several loads of coal. Judgment for plaintiff. Appeal from the judgment and from an order denying a new trial.

[1] Appellant assigns as error the admission of certain exhibits, the weight slips for the several loads of coal. These weight slips purport to show on their face, that the coal therein referred to was sold to the defendant and hauled by a third party. The weight slips were admissible in evidence. If other evidence was not introduced showing that this coal was received by appellant, he should have moved to have such exhibits stricken from the record and their consideration taken from the jury.

[2] Appellant asigns as error the giving of certain instructions and the refusal to give an instruction sought by him. With the exhibits in evidence, the instructions given were proper, and the one refused would have been erroneous, unless there was no evidence from which the jury could properly find that this coal was received by defendant. It clearly appears that the attention of the trial court was not called to the fact, if in truth it was a fact, that these exhibits had not been properly connected up with the defendant.

[3] There was evidence to the effect that appellant, after the delivery of this coal, which concededly went to appellant's farm, but which appellant claims was furnished to, and should have been paid for by, parties doing breaking for him, received from respondent an itemized statement of respondent's account and promised to pay for same. No suggestion is made that the evidence failed to show the amount of such statement and that such amount agreed with the amount sued for, or that such statement failed to agree with the weight slips, thus connecting appellant with such slips.

The judgment and order appealed from are affirmed.
McCOY, J., not sitting.