ERMA HEMINGWAY *vs.* ANTHONY D. COZZOLINO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued November 8th—decided December 7th, 1933.

*Louis Feinmark,* with whom, on the brief, was *Louis Sperandeo,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

PER CURIAM. Testimony by plaintiff that she suffered pains in her knees, elbows and ankles beginning about a year before the trial was objected to on the ground that no connection of these symptoms with the accident had been shown, but was admitted upon a promise that the relation would be established subsequently, which promise was not complied with. Error is assigned in that the trial court did not instruct the jury to disregard this evidence. No request for such

instruction was made. The evidence doubtless would have been stricken out if motion therefor had been made, and this would have been appropriate procedure. *Antel* v. *Poli*, 100 Conn. 64, 72, 123 Atl. 272; *Standard Cement Co.* v. *Windham National Bank*, 71 Conn. 668, 680, 42 Atl. 1006. The evidence was not so material an element in the case as to require the court to charge concerning it without request.

A hypothetical question propounded to a medical expert witness as to the cause of the plaintiff's afflictions included an assumption as a fact that, by the head-on collision between the car she was driving and the defendant's truck, she was thrown forward against the steering wheel, striking the front part of her body and thorax. It is claimed that this was not warranted by the evidence. The plaintiff's testimony, which we have examined for purposes of a claimed correction of the finding as to this phase of the case, and the physical demonstration which accompanied it, afford support for the assumption. Moreover, it appears from the answer of the expert as to the cause of physical and surgical shock suffered by the plaintiff that contact of her body with the steering wheel was not a material factor in the opinion he expressed, which was based upon the nature and violence of the collision and the position of the plaintiff at the wheel, elements as to which the record discloses no substantial dispute. Therefore no prejudice to the defendant could have resulted either from the ruling admitting the hypothetical question or from the omission to include in the charge, without request, an instruction to the effect that the value of an opinion based upon such a question depends upon the truth, in fact, of the matters assumed in it. The other assignments involve no error or occasion for useful discussion.

There is no error.