H. William Scott, Admr. d. b. n. of Laura B. Dickey Estate
*v.* Bradford National Bank.

February Term, 1935.

Present: Powers, C. J., Moulton, Thompson, and Sherburne, JJ., and Buttles, Supr. J.

Opinion filed May 7, 1935.

228

*Hugh W. Hastings* and *Shields & Conant* for the defendant.

*Finn & Monti* for the plaintiff.

POWERS, C. J. The plaintiff as administrator *de bonis non* of Laura B. Dickey, brings this action to recover the amount of a deposit which the intestate once had in the defendant bank. The answer set up a general denial, payment, and estoppel. The trial below was by jury, and at the close of the evidence both parties moved for a verdict. The defendant's motion was overruled and the plaintiff's granted. Judgment was rendered accordingly, and the defendant excepted.

We agree with the defendant that the fact that both parties moved for a verdict did not, alone, warrant a directed

verdict one way or the other. By claiming that the evidence was all its way, the defendant did not waive the right to claim that, at least, some of it was. *Fitzsimmons* v. *Richardson, Twigg & Company,* 86 Vt. 229, 233, 84 Atl. 811; *Seaver et al.* v. *Lang,* 92 Vt. 501, 510, 104 Atl. 877; *Mason* v. *Sault,* 93 Vt. 412, 414, 108 Atl. 267, 18 A. L. R. 1426; *Brattleboro* v. *Carpenter,* 104 Vt. 158, 164, 158 Atl. 73. Unless it affirmatively appears that neither party wishes to go to the jury, either may do so, if there is a conflict of evidence on material facts in the case. So if any such facts are left in question by the record, the defendant's exception is well taken.

■ ■ We also agree with the defendant that all the evidence received at the trial is for consideration here, though some of it was admitted upon the unperformed promise of the defendant to provide a foundation for its admission by giving evidence that O. P. Dickey was the agent of Laura B. Dickey in withdrawing the deposit in the defendant bank as hereinafter stated. The exigencies of a trial often require an exercise of the court's discretion over the order of evidence by allowing a fact, relevant only through its connection with other pertinent facts, to be admitted upon the assurance of counsel that such other facts will later be supplied. This practice is everywhere approved, though it sometimes results unsatisfactorily. But if the basis for its admission is not supplied and the objecting party considers it of sufficient importance to be prejudicial and wants it expunged from the record, he should move to have it stricken out. Otherwise, it stands for consideration. It is quite generally so held. *Wright* v. *Woodward,* 79 N. H. 474, 111 Atl. 494, 495; *Stevens* v. *Chariton,* 184 Iowa, 59, 168 N. W. 310, 312; *Pittsburgh, etc., Ry. Co.* v. *Retz,* 71 Ind. App. 581, 125 N. E. 424, 425; *Phillips* v. *Haugaard,* 135 Md. 427, 109 Atl. 95, 97; *Burkett et al.* v. *Van Tine,* 277 Pa. 567, 121 Atl. 498, 499; *Fullerton Lumber Co.* v. *Hosford,* 45 S. D. 1, 184 N. W. 975; *Putnam* v. *Harris,* 193 Mass. 58, 78 N. E. 747, 748; *Hemmingway* v. *Cozzolino,* 117 Conn. 689, 169 Atl. 621; *Brady* v. *Finn,* 162 Mass. 260, 38 N. E. 506. The practical importance of this rule is apparent. A trial judge should not be required to carry in his mind all the details of the evidence. Nor can this Court reasonably be expected to search the transcript to determine what should be rejected. Counsel, who are familiar with the facts and the proof, should take this responsibility.

It does not necessarily follow, however, that the plaintiff has been seriously prejudiced by his omission. The question of Dickey's agency and the proof thereof remains for consideration if found to be important in the disposition of the case.

It appears from the evidence that Laura B. Dickey, the intestate, who was the first wife of O. P. Dickey, had a deposit in the defendant bank, which on April 23, 1917, amounted to $730.69. Mrs. Dickey was then ill, and died about a month later. On the day named, the deposit was paid over to Dickey, and he gave the defendant a receipt therefor which he signed, "Laura B. Dickey, by O. P. Dickey." No other withdrawal of the deposit was ever made. Dickey was later appointed administrator of his wife's estate, and rendered his final account to the probate court. This account omitted any reference to this bank deposit or its avails, and showed a balance for distribution of $2,620.95. This was balanced by a credit thereon of that amount as paid to "O. P. Dickey, husband and only heir." The quoted words being written by the judge of probate, but no formal decree was ever made thereon. It turned out, so it is claimed, that Mrs. Dickey left a surviving brother, Albert Butterfield, an inmate of a Soldier's Home in Maine. Dickey finally resigned as administrator, and in due time the plaintiff was appointed administrator d. b. n.

When, at the trial, the plaintiff had shown that Mrs. Dickey had this deposit in the defendant bank, it devolved on the latter to show its valid withdrawal. It then assumed the burden of establishing its plea of payment, which is an affirmative defense with the burden of proof on him who alleges it. *Rutland, etc., Co.* v. *Williams,* 90 Vt. 276, 278, 98 Atl. 85. The defendant attempted to satisfy this burden by proving a payment to Dickey as agent for the depositor. Agency is a question of fact, and the defendant carried the burden of proof on the issue. *Camp* v. *Barber,* 87 Vt. 235, 240, 88 Atl. 812, Ann. Cas. 1917A, 451. The fact that one assumes to act for another is not enough to establish an agency. *Livingston Co.* v. *Rizzi Bros.,* 86 Vt. 419, 423, 85 Atl. 912; *Gomez & Co.* v. *Hartwell,* 97 Vt. 147, 153, 122 Atl. 461; *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 97, 157 Atl. 57. Indeed, standing alone, it is not admissible as evidence of agency. Nor does the fact that the bank was dealing with the husband of the depositor affect the situation. The law indulges no presumption that a husband acts for his

wife by her authority, and the fact of their coverture does not, of itself, warrant an inference of such authority, though it is a circumstance entitled to consideration in connection with other circumstances tending to show an agency. *Chadwick* v. *Wiggin,* 95 Vt. 515, 517, 116 Atl. 74.

It is agreed that upon a distribution of Mrs. Dickey's estate, Dickey would be entitled to all of it if she left no other heirs; and that, in case she left a brother, Dickey would be entitled to $2,500 and one-half of the remainder. The evidence disclosed that Dickey received all of the deposit and $120.95 in excess of the $2,500 which the law gave him. So that, at most, the amount required to satisfy the brother's interest in Mrs. Dickey's estate, would be one-half of $120.95, plus one-half of $730.69, omitting reference to interest and costs. It is perfectly apparent, therefore, that the recovery below, which was for $1,400, if sustained here, would result in an unjust enrichment of the estate of O. P. Dickey at the expense of the defendant, to the amount of $700 or more, unless there is some unexplained way that the latter sum could be decreed back to the defendant. On the plainest principles of right and justice, such a result should be averted, if possible.

The defendant seeks to avoid this result by a reversal of the judgment on the ground that the plaintiff is in the wrong court. Its position is that no suit in the common-law courts can be maintained until the probate court has been resorted to. That the jurisdiction of that court over the matters here involved has not been exhausted is plain enough. *In re Fisher's Estate,* 104 Vt. 37, 156 Atl. 878. That it is adequate in all respects, except that it cannot issue final process, is equally plain. If and when that court has found that funds for a brother's share must be supplied, and the amount required is there determined, the aid of the common-law courts can be invoked to obtain the money. *Boyden* v. *Ward,* 38 Vt. 628, 638.

An administrator *de bonis non,* as his official designation implies, is an officer of limited authority. His title and jurisdiction extend to and over unadministered assets only. When these exist *in specie,* he may sue for and recover them from whomsoever wrongfully withholds them. If Dickey drew this deposit without authority, and held it separate and apart from his own money until this administrator was appointed, the latter could, if needed for administration, sue for it But if,

prior to Mrs. Dickey's death, Dickey had converted the money to his own use, it had lost its identity, had ceased to be an asset, and this administrator could not recover it. *Yancy's Admr.* v. *Yancy (Farmers' Bank & Trust Co.* v. *Fidelity & Deposit Co.)*, 183 Ky. 512, 209 S. W. 858, 3 A. L. R. 1249, 1251, and note. When, after such conversion, Dickey was appointed administrator of his wife's estate, this debt, by operation of law, became cash assets in his hands, and subject to the jurisdiction of the probate court. *Hodge* v. *Hodge,* 90 Me. 505, 38 Atl. 535, 536, 40 L. R. A. 33, 60 A. S. R. 285; *Stevens* v. *Gaylord,* 11 Mass. 256; *Winship* v. *Bass,* 12 Mass. 198, 200; *Beall* v. *New Mexico,* 16 Wall. 535, 21 L. ed. 292, 294. In speaking of this rule, Chief Justice Shaw says in *Ipswich Mfg. Co.* v. *Story,* 5 Metc. (Mass.) 310, 313, "It proceeds upon the ground that when the same hand is to pay and receive money, that which the law requires to be done shall be deemed to be done, and therefore that such debts due from the administrator shall be assets *de facto,* to be accounted for in probate account." Dickey's liability for a default or devastavit does not belong to this plaintiff. *Hodge* v. *Hodge, supra; Beall* v. *New Mexico, supra.* These matters must first be pursued in the probate court. Thus, when an administrator d. b. n. seeks an accounting from a former administrator for money withheld, he must cite the latter into probate court. *Curtis* v. *Curtis,* 13 Vt. 517, 519; *Merriam* v. *Hemenway,* 26 Vt. 565, 568; *Davis* v. *Flint's Estate,* 67 Vt. 485, 487, 32 Atl. 473. In *Adams* v. *Adams,* 16 Vt. 228, an heir attempted to collect a claim for his distributive share of an unsettled estate. It was held that this was a matter within the jurisdiction of the probate court and that "neither an action of assumpsit, nor any other action, can be maintained against the administrator, until this has been settled and determined by the probate court."

 We do not overlook the fact that this plaintiff is suing an outsider and not a defaulting administrator, and so these cases are not directly in point. But they establish a principle that applies to this case, and for that reason may be relied upon. This plaintiff, who so far as the record shows, represents the alleged surviving brother and no one else, ought to be required to establish the facts involved in the court especially provided for the settlement of such questions. Whether the man referred to was a brother of Mrs. Dickey, whether he survived her,

whether he was entitled to any part of her estate, and, if so, how much, are questions for the determination of the probate court. *Davis* v. *Flint's Estate, supra*. Though the plaintiff may hold the legal title to the unadministered assets, he holds it for the specific and limited purpose of providing for this brother. He should not be allowed to proceed in the common-law court until the probate court has acted to the extent of its jurisdiction. This is so because the common-law courts do not interfere in the settlement of estates, except in aid of the probate court. *Probate Court* v. *Kent*, 49 Vt. 380, 388.

There is another reason why the plaintiff should be required to proceed in the probate court. And while this point is not made by the defendant, it may be considered on this question of jurisdiction.

 The law never requires a vain or useless thing to be done. So it is that when, without administration, the property has gone to the one legally entitled to it, an administrator will not be allowed to reclaim it, unless necessary for full administration. "It is true," says the court in *Kennedy* v. *Davis*, 171 Ala. 609, 55 So. 104, 105, 27 Ann. Cas. 1913B, 225, 227, "that, as a rule, the legal title to personality and choses in action vests in the personal representative. * * * His right will always prevail against strangers, or against anyone, for that matter, if necessary for administration in the mode and for the purpose directed by the statute; but when not needed for administration, or when an administration of such property is wholly unnecessary, and the property has gone, without administration, where it rightfully belongs, and would· go by an administration, the naked legal title of the personal representative will not prevail in equity against one to whom the equitable title and rightful possession has passed"—citing *Woodhouse* v. *Phelps*, 51 Conn. 521, which is full authority for the rule stated.

In *McKeique* v. *Chicago & N. W. Ry. Co.*, 130 Wis. 543, 110 N. W. 384, 11 L. R. A. (N. S.) 148, 118 A. S. R. 1038, 10 Ann. Cas. 554, the sole heir to an estate settled a claim against a railroad for negligence resulting in the death of the intestate. An administrator afterwards brought suit on this claim. It was held that the settlement was binding upon the administrator, inasmuch as the avails of the suit would go to the very person who already had the money paid on the settlement. *Schmidt* v. *Deegan*, 69 Wis. 330, 34 N. W. 83; *Vail* v. *Anderson*, 61 Minn.

552, 64 N. W. 47; *Foote* v. *Foote,* 61 Mich. 181, 28 N. W. 90; *Johnson's Admr.* v. *Longmire,* 39 Ala. 143; *Walworth* v. *Abel,* 52 Pa. 370; and *Woodhouse* v. *Phelps,* 51 Conn. 521, are cited and relied upon. In full accord is *Bishop* v. *Groton Sav. Bank,* 96 Conn. 325, 114 Atl. 88, 90.

It follows as a corollary to this doctrine that an administrator d. b. n. will not be allowed *in equity* to recover from the heir so situated, or one who has paid to such heir money which otherwise would be assets, any more than is required to complete administration. To avail itself of this doctrine, it would be necessary for this defendant to get into a court with equity powers. It would be an equitable defense. At law, it is not available. This makes it all the more necessary to a just disposition of the matter to send the plaintiff to the probate court since on appeal from that court equity powers are vested in the county court. P. L. 3003.

This suit need not be finally disposed of here. We think the ends of justice will be best served if we send the case back to the county court, there to remain on the docket until the matters involved are determined in the probate court. It will then be available in aid of that court if it becomes necessary to enforce collection of any sum required of the defendant. See *Vail* v. *Anderson,* 61 Minn. 552, 64 N. W. 47.

*Judgment reversed, and cause remanded. Let the case be stayed in the county court until a final decree of the probate court be passed determining all questions here involved, including the amount required to complete the settlement of Laura B. Dickey's estate according to law.*