EMMA L. JOHNSON *v.* MINNIE E. ADAMS AND C. D. COANE'S ADMR.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed October 6, 1909.

*Interpleader—Right to Maintain—Principal and Agent—Bailor and Bailee.*

Where an agent is sued by his principal or a bailee by his bailor, and thereupon a third person asserts a title adverse to that of the principal or the bailor, a bill of interpleader cannot in general be maintained against the conflicting claimants; but where the claim

of the third person is under a title derived from that of the principal or the bailor, and acknowledges that title, a bill of interpleader is maintainable.

Where a daughter shortly after the death of her father deposited money with the oratrix, and later demanded its return claiming it as a gift from her father, and the administrator of the father's estate also demanded the money as the property of the estate, the oratrix could not maintain a bill of interpleader against the daughter and administrator, for the oratrix was a mere agent or bailee, and the claim of the administrator must be treated as adverse and paramount to the daughter's title.

APPEAL IN CHANCERY. Bill of interpleader. Heard on the pleadings at the April Term, 1908, Windham County, *Powers,* Chancellor. Decree ordering defendants to interplead. C. D. Coane's Administrator appealed. The opinion states the case.

*Arther P. Carpenter* for the oratrix.

*Clarke C. Fitts* and *Harold E. Whitney* for the defendant.

This case was heard in the court below on bill, cross-bill, and answer. There was no replication or traverse. Therefore, the answer must be taken as true. *Doolittle* v. *Gookin et al.,* 10 Vt. 265; *Slason* v. *Wright et al.,* 14 Vt. 208; *Gates* v. *Adams,* 24 Vt. 70.

To maintain the equitable remedy of interpleader there must exist certain essential elements among which are: that the fund in question must be claimed by both or all the parties against whom the relief is demanded; and that the orator must not have nor claim any interest in the subject matter. 1 Pomeroy's Eq. Juris., §43; 1 Pomeroy's Eq. Rem. §§43, 48; *Lincoln, Admr.* v. *Rutland & Burlington R. R. Co. et al.,* 24 Vt. 639; *Wing, Admr.* v. *Spaulding et al.,* 64 Vt. 83; *Holmes* v. *Clark et al.,* 46 Vt. 22; *Williams* v. *Matthews et al.,* 47 N. J. Eq. 196, 20 Atl. 261; *Ladd* v. *Chase et al.,* 155 Mass. 417; *Baltimore & Ohio R. R. Co.* v. *Arthur,* 90 N. Y. 234; *Groves* v. *Sentell,* 153 U. S. 465.

ROWELL, C. J. This is a bill of interpleader. It alleges that on such a day the defendant Adams placed in the hands of

the oratrix eleven hundred dollars, one hundred of which she soon returned to said Adams, and deposited the balance in a savings bank in her own name and that of another, and took a book therefor, which she still retains; that the defendant Adams is a daughter of the intestate, who died two days before the money was placed in the hands of the oratrix; that the defendant Wilkins is the administrator of the intestate's estate; that Adams claims that the money was given to her by her father when in life, and therefore belongs to her in her own right, and has demanded it of the oratrix; while Wilkins claims that it belongs to the intestate's estate, and has also demanded it of the oratrix, and cited her before the probate court for examination concerning it, and that she is informed and believes that each of the defendants will sue her for the money if not restrained. She disclaims   all interest in the money, alleges her indifference between the defendants, and avers her readiness and willingness to pay the money into court, and prays that the defendants be required to interplead.

The defendant Adams filed what is denominated a cross-bill, which alleges that her father delivered the money to her as a gift, to have and to hold to her own use forever. The defendant Wilkins demurred to this cross-bill for want of equity, and also answered it, denying that the money was given to the defendant Adams as she claims, and alleging that her father gave it to her to be held in trust for his benefit, and to be returned to him or to his assigns or legal representatives on demand, and that her father demanded it of her, but that she refused to return it to him, but on the contrary converted it to her own use fradulently and against the right of her father; and insisting that the matter in dispute between him and the said Adams is properly cognizable only at law and not in equity. The defendant Wilkins also answered the original bill, to which no replication was filed. The view we take of the case renders it unnecessary to state the substance of this answer.

The case was tried below on the pleadings, which are somewhat irregular, and a decree of interpleader rendered, from which the defendant Wilkins appealed. It has been presented here as it was there, and is ruled upon as presented. The oratrix claims that all the facts necessary for a bill of interpleader are present; that the appellant's answer traverses no material fact

alleged in her bill, and therefore admits and establishes them; and that consequently her bill should be maintained. The appellant objects, among other things, that, on the statements of her bill, the oratrix must be treated as an agent or a bailee, and therefore cannot maintain her suit; that the cross-bill of the defendant Adams, being but a dependency of the original bill, must fall with it, and besides, that it shows no ground for equitable relief.

It is true that on the statements of her bill, the oratrix must be treated as a mere agent or bailee. It is also true that the title claimed by the appellant must be treated, not as derived from the defendant Adams, but as adverse and paramount to the title claimed by her.

These things being so, she cannot maintain her bill, for it is settled law that if an agent is sued by his principal or a bailee by his bailor, and the like, and at the same time a third person asserts a title adverse and paramount to that of the principal or the bailor, a bill of interpleader cannot, in general, be maintained against the conflicting claimants, because from the very nature of the relation, there is an independent personal liability of the agent to his principal and the bailee to his bailor in respect of the subject-matter of the litigation, and in order to maintain a bill of interpleader, the orator must have incurred no independent liability to either of the defendants. But when the claim of the third person, instead of being under an adverse, paramount title, is under a title derived from that of the principal or the bailor, and acknowledges, and does not deny, that title, a bill of interpleader is maintainable. 3 Pom. Eq. §§1326, 1327.

Judge Story says that the true ground on which the doctrine stands that a bill of interpleader cannot be maintained in such cases lies deeper than the mere statement of it indicates, and is not so much an independent rule as a necessary consequence of all interpleading, and is essentially founded in privity of rights or contract between the parties, independent of the title to the property or to the debt or duty in question, and which may not depend upon the question of title at all. 2 Story's Eq. Redf. Ed. §817b. Lord Cottenham says the same thing in *Crawshay* v. *Thornton*, 2 Myl. & Craig, 1. So. in *Pearson* v. *Cardon*, 2 Rus. & Myl. 606, Lord Brougham says it is quite clear
26

that to a party in the situation of an agent, having no claim against his principal, no bill of interpleader will lie if there is nothing to qualify his agency, and no privity between the principal and the other party claiming, so as to make them in a manner joint bailors.

In *Third National Bank* v. *The Skillings &c. Lumber Co.*, 132 Mass. 410, the bill alleged that Babson delivered to the plaintiff a draft on New York for collection, which it collected and credited to Babson; that the Skillings Co. contended that the draft was held by Babson as its agent and was its property and that the proceeds belonged to it; while Babson's executrix contended that the proceeds belonged to his estate. The court said that the bill did not present a proper case for a bill of interpleader, for that there was no privity between the plaintiff and Skillings Co., as it did not claim the fund through any privity with Babson, but by a title paramount and adverse to his; that the plaintiff was not a mere stakeholder, but was the debtor of Babson, standing in privity with him alone. The court said that the authorities support the rule that in such a case a bill of interpleader will not lie, but that the remedy is at law; that such a bill will lie only when two parties claim of a third the same debt or duty by virtue of some privity existing between them. It illustrated the proposition by saying that if one deposits property or money in the hands of another, not as a stakeholder for both parties, but as his agent or bailee, and the deposit is claimed by a third person under an independent title, neither the agent nor the principal can maintain a bill of interpleader.

So an attorney cannot maintain a bill of interpleader to settle the claim to the money he has collected for his client when a mere stranger claims the money on the ground that the security on which it was collected was originally obtained by the client wrongfully. *Marvin* v. *Ellwood*, 11 Paige, 365.

*Decree reversed and cause remanded with directions to dismiss the bill with costs in this Court and with or without costs below as may be there determined.*