Among the requests for relief sought in this action is one seeking to have the defendants interplead together concerning their claims in reference to moneys originally placed in the hands of the plaintiffs and by them deposited in the Mechanics Savings Bank, Hartford. These plaintiffs are members of a law firm in Hartford. The occasion for giving the money to them was a real estate transaction.
It seems that on February 4, 1933, the defendant, The Chapel Company, being the owner of a certain piece or parcel of land in the City of Hartford, conveyed the same to one Angelina Ferrigno. On March 20, 1933, said Angelina Ferrigno conveyed said premises to the defendant, The F. G. Corporation. On December 29, 1933, The Metropolitan District, a municipal corporation located within the territorial limits of the County of Hartford, filed a public sewer lien on the property in question for $148.38. On January 3, 1934, the defendant, The F. G. Corporation, conveyed the premises to Beatrice C. Lieb. In order to secure her against the lien of The Metropolitan District there was deposited with the plaintiffs by the defendant, The F. G. Corporation, the sum of $200. to be held by the plaintiffs until the lien was released, *Page 443 
all defendants agreeing to secure this release. They failed to do so. Eventually the plaintiffs obtained it on the payment of $10.00.
This action arises concerning the balance, with accrued interest. After alleging the foregoing facts the plaintiffs, in Paragraph 9 of the complaint, proceed as follows: "All of said defendants claim said sum now on deposit in said Mechanics Savings Bank"; and in Paragraph 10, "The plaintiffs are ignorant of the respective rights of the defendants."
To this complaint, The F. G. Corporation demurs, substantially to the effect that the deposit of $200 made by the defendant, The F. G. Corporation, with the plaintiffs, was for a specific purpose; that that purpose having been accomplished the plaintiffs are legally bound to return the balance to it; that the allegations in the complaint as to the other defendants disclose that they are in the position of strangers to this fund, and the facts alleged do not show that they have any interest in the fund, or that their claims are in any way connected with or dependent upon said fund or derived from any common source; and that no privity of interest between the parties is alleged. It is further asserted in the demurrer that the most favorable construction of the facts alleged simply indicates that the other defendants have a claim against the defendant, The F. G. Corporation, but not against the fund; that the same has not been garnisheed by the other defendants; and that no reasonable foundation for their claim has been alleged.
In short, it is the position of the defendant, The F. G. Corporation, that it is clear from the allegations of the complaint, that it and it alone gave the money on deposit to the plaintiffs; that the purpose for which it was given having been accomplished, it, The F. G. Corporation, is entitled to receive the money back without having to interplead with strangers to the fund, and thus have it considerably diminished by costs and attorneys' fees which must necessarily arise out of an order for interpleader. In other words, the defendant, The F. G. Corporation, contends that under the circumstances of the case the mere fact that someone claims the money is not sufficient; that before an order for interpleader can be had, there must be alleged facts showing that there is a reasonable foundation to the claim; otherwise anyone who might have a claim, no matter how it arose and no matter what its basis, against the party who put up the money, *Page 444 
could bring an interpleader action. The demurrant contends that such a party has his remedy at law in a garnishment of the funds which will amply secure a claimant if he has a just claim.
The question presented by this demurrer involves an interpretation of section 5911 of the General Statutes, Revision of1930, which concerns an "Action in nature of interpleader". The portion of the statute of interest to us, provides as follows:
 "Whenever any person shall have, or shall be alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property."
Now the position of the plaintiffs is in effect that no matter how the claim arises, no matter what the basis of it is, the mere fact that a party has made a claim, without more, to the money is sufficient to invoke Section 5911, the interpleader statute. They rely upon Brown vs. Clarke, 80 Conn. 419,
which declares (p. 422) that:
 "The Act is much broader than its title. It enacts that whenever money or other property in the hands or possession of one person is claimed by two or more persons, any one of the parties interested may bring a complaint in equity, in the nature of a bill of interpleader, making all persons who claim to be interested in such money or property parties to the action, and that the court shall hear and dispose of all questions which may arise in such case. The Act recognizes a remedy not only in favor of a stakeholder, within the narrow meaning of the original bill of interpleader, but in favor of any party interested in property of any description in the nature of a fund held by one person and which he cannot safely turn over to its apparent owner by reason of conflicting claims made by others."
So it was held, for instance, in that case, that money on deposit in a savings bank is within the meaning of the words "money or other property" of the statute.
Now we understand what the appropriate allegations of a *Page 445 
bill of interpleader are: (1) that two or more persons have a claim against the plaintiff; (2) that they claim the same thing; (3) that the plaintiff has no beneficial interest in the thing claimed; and, (4) that he cannot determine without hazard to himself to which of the defendants the thing of right belongs. The plaintiff must show that he is ignorant of the rights of the respective parties who are called by him to interplead, or that at least there is some doubt in point of fact as to which claimant the debt or duty belongs, so that he cannot safely pay or render it to one without risk of being made liable for the same debt or duty to the other. 15 R.C.L. 229.
The statute is merely declaratory of a long existing right in equity.
 "In so far as it purports to authorize similar proceedings on behalf of other parties than a stakeholder, and perhaps also the giving of a wider scope to the proceedings in certain cases, it gave a new remedy." Meriden Savings Bank vs. McCormack, 79 Conn. 260, 263.
The statute also is a remedial one and is to be favorably construed. Union Trust Co. vs. Stamford Trust Co., et al.,72 Conn. 86, is most usually referred to in discussing interpleader actions. It was held in that case (p. 93) that:
 "It requires the court to which any complaint founded upon it may be brought, to `hear and dispose of all questions which may arise in such case', and by the provisions for making not only all who claim to be `entitled to', but all who claim to be `interested in' the property in question, parties defendant, shows that its purpose is to secure a determination of any right, title or interest that can by possibility be set up."
These words are very clear and definite.
But does this mean that the holder of such a fund, merely because someone claims the money without starting any substantial basis for his claim can invoke the statute; or that, no matter what the circumstances, merely because a claim is made, an interpleader can be requested? I do not think so.
Although the statutory interpleader is a remedy designed for use in common-law courts and should not be so restricted or clogged by technical qualifications as to deprive it of any of the advantages intended to be secured by it under a just and liberal construction and application of the statute, it is *Page 446 
nevertheless true that the statutory remedy is merely a summary method of obtaining relief in cases where a bill of interpleader would lie, that it creates no new ground of interpleader, and that it is governed by the same rules as equitable interpleader.
 "While the Act ... distinctly extended the field for relief by interpleader, it is not to be construed as permitting the substitution of the procedure for any existing legal remedy equally efficacious. The primary test that existed before the passage of that remedial Act still applies with its original force, and since the legal remedy is adequate and complete for the situation presented upon the record, no occasion is shown for invoking equitable relief." McLay vs. Montowese Brick Co., 94 Conn. 193, 195.
The same attitude is shown in other Connecticut cases. InGrand Lodge vs. Burns, 84 Conn. 356, where the Grand Lodge sought to test out the validity of an insurance policy and made the beneficiary and members of the Lodge parties defendant, the Court said (p. 363):
 "An action in the nature of a bill of interpleader lies when one person has money or property in his hands or possession which is claimed by two or more other persons... Clearly no one but Mrs. Burns is entitled to be paid the $2,000. in the hands of this plaintiff. The members of the Grand Lodge, who are made parties, are not in any event entitled to have this fund paid to them. If the certificate is valid, it should be paid to Mrs. Burns; if it is not, it should be returned to the plaintiff for the payment of other death claims... The position of the Grand Lodge was not such as to require it to commence this action, and the trial court should have refused to order the parties to interplead."
In Cooley vs. Pigott, 84 Conn. 323, it was alleged that the defendant Pigott was claiming as administrator of one Thompson's Estate, and the other defendants claiming to be heirs-at-law of Thompson, claimed the fund in question as his legal representatives. The complaint was demurred to by Pigott and some of the other defendants upon the ground that it appeared from the complaint that the defendants other than Pigott were not entitled to receive the fund from the plaintiff and that it appeared that Pigott, as the administrator of *Page 447 
Thompson, was entitled to receive it. The Court held that there was no occasion to bring an action of interpleader, as it was clear to whom the money should have been paid, namely Thompson's administrator, Pigott.
In Vosburgh vs. Huntington, 15 Abb. Pr. (N.Y.) 254, it was held that interpleader was limited to the same cases in which it was allowed in chancery, and that a bailor or agent could not dispute the original title of the person from whom he received the property, and hence could not file a bill in equity to settle the conflicting claims of the bailor, or principal, and of a stranger who claimed the property by a distinct and independent title. It was also held that one to whom property had been delivered as bailee was not entitled to interplead, in an action against him to recover the property by a purchaser from the bailor, one who claimed the property on the ground that he had advanced money to the bailor with which to purchase it.
And in Johnson vs. Adams, 82 Vt. 398, 73 A. 1076, a bill of interpleader was denied where the daughter of an intestate, two days after the intestate's death, placed in the plaintiff's hands money which was claimed by the daughter as a gift from her father, and also by the administrator of the intestate's estate as a part of the assets thereof. The court stated that it was true that from the statement of her bill the plaintiff must be treated as a mere agent or bailee; that it was also true that the title claimed by the administrator must be treated not as derived from the daughter, but as adverse and paramount to the title claimed by her; that, these things being so, the plaintiff could not maintain her bill, since it is settled law that if an agent is sued by his principal, or a bailee by his bailer, and at the same time a third person asserts a title adverse and paramount to that of the principal or the bailor, a bill of interpleader cannot in general be maintained against the conflicting claimants, because from the very nature of the relations there is an independent personal liability of the agent to his principal, or of the bailee to his bailor, in respect of the subject matter of the litigation; that in order to maintain a bill of interpleader, the plaintiff must not have incurred an independent liability to either of the defendants.
In Northwestern Mutual Life Ins. Co. vs. Kidder,162 Ind. 382, it was held that an insurance company which had delivered a check to the beneficiary named in the policy for the amount due under it, in a suit to enforce payment of the *Page 448 
check, could not compel the beneficiary to interplead with creditors of a corporation of which the insured was a member, who claimed that they were entitled to the proceeds of the policy because the premiums were paid out of the funds of the corporation. The Court said there was no privity between them.
 "While it has never been held necessary in a bill of interpleader to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another without alleging anything whatever on which to base it is not enough. The nature and character of the conflicting claims should be shown in the bill. And where it is evident from the facts set forth that the claim of one of the defendants, there being but two, is not such that it can be sustained on legal or equitable grounds, there is not such a case shown as will warrant an interpleader." 15 R.C.L. 230; Pouch vs. Prudential Ins. Co. of America, 204 N.Y. 281.
In the Pouch case the Court said (p. 286):
 "The courts of this state other than this court have also with substantial unanimity held that it is necessary to sustain an action of interpleader or a motion under the Code to show that the alleged claims have, or in case of a motion the claim of a third person has, some reasonable basis on which to rest."
The statutory provisions referred to in these latter cases, while not in the same wording as our statute, nevertheless are of the same general tenor, and were enacted to broaden the scope of an interpleader action. These cases set out in short the position of the demurrant, the defendant The F. G. Corporation. This defendant and it alone, as far as the allegations of the complaint are concerned, gave the fund in question to the plaintiffs; the other defendants are strangers to the fund; and no facts are alleged which show that the other defendants have any interest in the fund, or that their claims are in any way connected with or dependent upon said fund, or are derived from any common source.
During argument plaintiffs' counsel admitted he did not know the basis of the claim other than the receipt of a letter notifying him not to pay the money over to the defendant, The F. G. Corporation, and that the writer claimed it. That was all. *Page 449 
As the demurrer sets out, the other defendants may have a claim against the defendant, The F. G. Corporation, but not against this fund, and it not having been garnisheed by them, it does not appear from the complaint that the claims of the other defendants have any reasonable foundation; certainly no pretense is made to state the basis of the claim beyond the mere assertion of it. If they have some claim against the defendant, The F. G. Corporation, let them garnishee the money in the hands of the plaintiffs. This is the legal remedy. These defendants may not force an interpleader action as a mere device to have their claims arising out of some other matter adjudicated or collected out of this fund.
 The demurrer is sustained for the reasons stated therein.