FRANKLIN CONSTRUCTION COMPANY, INC. *v.* F & M
CONCRETE CONSTRUCTION COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 149532

Memorandum filed May 15, 1978

*Pellegrino, Pellegrino & Pellegrino,* for the plaintiff.

*George C. Furkiotis,* for the named defendant.

*Raymond L. Sweigart,* assistant United States attorney, for the defendant United States of America.

*Joseph Neiman,* for the defendant Modern Concrete Pumping, Inc.

HADDEN, J. This is an action in interpleader brought by the plaintiff as a stakeholder of a fund in the amount of $15,000. Originally named as defendants were F & M Concrete Construction Company, the United States of America, Modern Concrete Pumping, Inc., and Patent Scaffolding Company. The defendant Patent Scaffolding Company was defaulted for failure to plead. Thereafter, an interlocutory judgment of interpleader was entered and the remaining parties to the litigation have now reached an agreement on the distribution of the $15,000 fund. The only issue before the court is the claim of the plaintiff that it is entitled to a reasonable attorney's fee and taxable costs to be paid out of the fund pursuant to § 52-484 of the General Statutes. This claim is resisted by the United States

on the ground that no fee or costs may be paid from the fund when the fund is insufficient to pay the conceded federal tax lien of $17,880.10. The parties have agreed that if the court finds this issue in favor of the plaintiff then a reasonable total sum would be $1000.

The plaintiff bases its claim on the provisions of the interpleader statute, § 52-484, which provides: "Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Such court shall hear and determine all questions which may arise in the case, may tax costs at its discretion and, under the rules applicable to an action of interpleader, may allow to one or more of the parties a reasonable sum or sums for counsel fees and disbursements, payable out of such fund or property; but no such allowance shall be made unless it has been claimed by the party in his complaint or answer."

The plaintiff correctly points out that from an equitable point of view the fee and costs should be paid from the fund. The federal government took no action to foreclose on its tax lien but merely sat back and waited until the plaintiff, at its own expense, initiated this interpleader action. The government then filed its claim against the fund following the entry of the interlocutory judgment of interpleader, has negotiated a settlement with the other claimants to the fund and now objects to the

payment to the plaintiff of any attorney's fee or costs from the fund. It appears to the court that the position of the government is legally correct.

The general rule, which is embodied in the Connecticut interpleader statute, is that a party who is confronted with conflicting claims from various alleged creditors to a fund in his possession and who does not claim any interest in the fund, as is the case here, may in good faith interplead the various claimants, deposit the fund in court if ordered to do so, and then be paid his taxable costs and a reasonable attorney's fee from the fund. *Globe Indemnity Co.* v. *Puget Sound Co.,* 154 F.2d 249, 250 (2d Cir.); *New York Life Ins. Co.* v. *Miller,* 139 F.2d 657, 658 (8th Cir.). The authority of the court to allow an attorney's fee and costs in a case of this type, however, whether based on statute or on the inherent equitable power of the court, must give way when the United States is a prevailing claimant under a federal tax lien and the fund is insufficient to satisfy the lien. *United States* v. *R. F. Ball Construction Co.,* 355 U.S. 587; *United States* v. *Liverpool & London & Globe Ins. Co.,* 348 U.S. 215.

In a case which appears to be on all fours with the case at bar, the court, referring to the case of *United States* v. *Liverpool & London & Globe Ins. Co.,* supra, held as follows: "The determination of the Supreme Court on the facts of the *Liverpool & London* case that counsel fees could not be allowed is controlling here. It is not significant that the source of power used by the lower courts in that case to justify their allowance was a Texas rule while here it is inherent equity authority plaintiff asks this court to exercise. None of the three opinions in the *Liverpool* case (the district court's opinion is reported as *Sunnyland Wholesale Furniture Co.* v. *Liverpool & Lon-*

*don & Globe Ins. Co.*, 107 F. Supp. 405) questions the validity of the application of the Texas rule in the federal court. That rule was treated throughout that case as a competent source of power for the allowance of counsel fees in the ordinary case just as is the equity power of this court ordinarily a valid source of power to be utilized for that purpose. But in the *Liverpool* case and in this one these usual prerogatives of the court must fall before the primacy of the federal tax lien. A superior source of power forbids the allowance of counsel fees here. The Supreme Court held in the *Liverpool* case that property subject to a valid and paramount federal tax lien cannot be invaded even for the allowance of counsel fees to an innocent stakeholder, and this court must obey that ruling." *Ford Motor Co.* v. *Hackart Construction Co.*, 143 F. Sup. 216, 218–19 (D. N.J.).

The claim of the plaintiff for an attorney's fee and costs is disallowed.