[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, LEISA MACDONALD'S, MOTION TO STRIKE (#103)
 I. FACTS
On December 9, 1998, the plaintiff, First Allmerica Financial Life Insurance Company (hereinafter the "plaintiff"), filed a complaint for interpleader against eight individual defendants.[1] The complaint arises out of a life insurance policy issued by the plaintiff for Richard Fawell, Sr. (hereinafter the "deceased"), who died on or about October 8, 1997. The beneficiary of this policy is entitled to receive $15,000 in insurance proceeds.
The plaintiff alleges that the deceased executed a durable power of attorney to his then living sister Grace F. Lincoln. Although the policy names the ex-wife of the deceased, Leisa MacDonald, as the beneficiary, the plaintiff alleges that there was an attempted change of beneficiary to Grace F. Lincoln, who is now deceased, prior to the death of the deceased. The plaintiff alleges that it informed Arthur B. Fawell, the brother of the deceased, of the attempted change of beneficiary, and that it believed such an attempted change of beneficiary to be ineffective.
The plaintiff alleges that Leisa MacDonald, and the children of the deceased, Richard J. Fawell, Jr. and Patricia A. Pandora, have asserted claims for all or a portion of the insurance proceeds. In addition, the plaintiff alleges upon belief that the other defendants, Arthur B. Fawell, Jr., Carol Fawell, Brian Fawell and the Estate of Grace F. Lincoln, may also assert claims for all or a portion of the insurance proceeds.
Because of the alleged multiple claims to the insurance proceeds, and because the plaintiff is allegedly unable to determine to whom the same is payable, the plaintiff seeks to CT Page 4549 have the defendants join in an interpleader to resolve the dispute. In addition, the plaintiff claims no interest in the $15,000 and offers to deposit the funds with the court.
On January 15, 1999, one of the defendants, Leisa MacDonald (hereinafter the "defendant"), moved to strike the entire complaint for failure to state a claim upon which relief can be granted. The plaintiff filed a memorandum in opposition to the motion on February 4, 1999. The court heard oral argument at short calendar on February 8, 1999.
 II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
The defendant moves to strike the complaint on the ground that it fails to allege the factual basis by which any of the other named defendants could make valid claims to the insurance policy proceeds. In support of her motion, the defendant relies on the holding in Marks v. The Chapel Co., 5 Conn. Sup. 441, 445
(1938), which granted a demurrer because of the stakeholder's failure to allege sufficient underlying facts demonstrating the basis of each defendants claim.
Citing Yankee Millwork Sash Door, Co. v. Bienkowski,43 Conn. App. 471, 473, 683 A.2d 743 (1996), however, the plaintiff argues that it is not necessary to allege the basis of each defendants claim. In addition, the plaintiff argues that its interpleader complaint is an appropriate and prudent mechanism to avoid making an erroneous payment, and hence, exposing itself to future liability.
"Interpleader is an ancient equitable remedy, statutorily available in Connecticut whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons. . . . General Statutes § 52-484. CT Page 4550 The historical and still the primary purpose of interpleader is to enable a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party." (Citations omitted; internal quotation marks omitted.) Guilford v. Cristini, 45 Conn. Sup. 235, 236,708 A.2d 979 (1997).
"The complaint in an interpleader action shall allege only such facts as show that there are adverse claims to the fund or property." Practice Book § 23-43; see also Practice Book Form 604.12. "A complaint in an interpleader action should allege only such facts as show that there are adverse claims to the fund or property and need not, in fact, should not, allege the basis upon which any claimant relies to justify his claim; the latter allegations are to be made in the statement of claim following the interlocutory judgment of interpleader." (Internal quotation marks omitted.) Yankee Millwork Sash Door, Co. v. Bienkowski,43 Conn. App. 471, 473, 683 A.2d 743 (1996).
According to the plain language of the Practice Book and clear appellate authority, the plaintiff is correct in asserting that it need not allege a factual basis to justify each defendants claim to the fund. Based on the foregoing authority, therefore, the complaint for interpleader is legally sufficient and does state a claim upon which relief can be granted.
The defendant, however, urges this court to consider the court's holding in Marks v. The Chapel Co., 5 Conn. Sup. 441
(1938). Notwithstanding that Marks v. The Chapel Co. is not binding authority,[2] this court finds that the present case is readily distinguishable.
In Marks v. The Chapel Co., the plaintiffs were members of a law firm who received money from one of the defendants, (F G), pursuant to a real estate transaction involving other defendants. The defendant (F G) deposited the money with the plaintiffs in order to secure a grantee against a municipal lien until said lien was released. The plaintiffs then deposited the sum of money in a bank, and eventually obtained the release of the lien. The plaintiffs brought an action seeking to have the defendants interplead their claims to the balance of the deposit plus interest. They alleged: "All of said defendants claim said sum now on deposit in said Mechanics Savings Bank." See Marks v. TheChapel Co., supra, 5 Conn. Sup. 443. CT Page 4551
The Court of Common Pleas sustained the defendants demurrer to the complaint for interpleader because "it [did] not appear from the complaint that the claims of the other defendants have any reasonable foundation; certainly no pretense [was] made to state the basis of the claim beyond the mere assertion of it."Marks v. The Chapel Co., supra, 5 Conn. Sup. 449. The court was troubled with the fact that "the allegations in the complaint as to the other defendants disclose that they are in the position of strangers to this fund, and the facts alleged do not show that they have any interest in the fund, or that their claims are in any way connected with or dependent upon said fund or derived from any common source." Marks v. The Chapel Co., supra,5 Conn. Sup. 449. In the present case, the allegations in the complaint do not demonstrate that the defendants are "strangers to the fund," or "lack interest in the fund." Instead, the plaintiff alleges the nature of each of the eight individual defendants' familial relationship to the deceased. Furthermore, the plaintiff alleges that there was an attempted change of beneficiary during the lifetime of the deceased. These allegations provide at least a "reasonable foundation" for the defendants claims, and go a step further than "mere assertions" of claims to the fund. Accordingly, the plaintiffs allegations in the present case are distinguishable from those in Marks v. The Chapel Co., and sufficiently state a cause of action for interpleader.
In accordance with the pleading requirements for an interpleader complaint as set forth in Practice Book § 23-43
and Yankee Millwork Sash Door, Co. v. Bienkowski, supra,43 Conn. App. 473, therefore, this court finds that the plaintiffs allegations are legally sufficient.
 III. CONCLUSION
The complaint alleges legally sufficient facts to state a cause of action for interpleader. Accordingly, the court denies the defendant, Leisa MacDonald's, motion to strike.
Mihalakos, J.